UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, by and through GUARDIAN AD LITEM SERGIO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>Defendants. | No. 2:21-cv-01086-DAD-AC<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding by and through his appointed guardian ad litem in this civil rights action, which was removed from state court on June 18, 2021. ECF No. 1. All parties are proceeding through counsel. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.   <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

1

II. <u>Allegations in the Complaint</u>

At all times relevant to the allegations in the complaint, plaintiff was a prisoner at California State Prison-Sacramento ("CSP-Sac") who "suffered from serious and chronic mental illness and behavior issues including schizophrenia, psychosis, grandiose and paranoid delusions, severe agitation and disorganization in thought process." ECF No. 1 at 9. Named as defendants are the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), CSP-Sac, and Does 1-10 who "owned, leased, possessed, controlled and had responsibility for… the care of inmates and that these defendants employed and supervised the guards, officers, supervisors, administrators and staff that were responsible for providing appropriate housing, care and supervision to…" plaintiff. ECF No. 1 at 8. The complaint names the State of California and the CDCR as defendants based on their vicarious liability established by California Government Code § 815.2. Plaintiff also names four individual correctional officers and Does 11-50 who were employed at CSP-Sac and were acting under color of state law. <u>Id</u>.

On February 16, 2020, defendants Cary and Does 11-50 removed plaintiff from the cell he shared with Danny Davis and escorted him to the cell of inmate Eugene Clapps who was known to have a history of "violent behavior directed at prior prison cellmates, prison staff and the general prison population." ECF No. 1 at 10. Defendants Cary, Ng and Does 11-50 failed to conduct an adequate pre-assignment housing investigation to determine if plaintiff and Clapps were appropriate cellmates in light of their prior history as well as their "racial divergence." ECF No. 1 at 10. "Within approximately one minute of the cell door closing, Clapps attacked Rojas by throwing him to the floor and stomping on his head and body for several minutes…." ECF No. 1 at 10. Defendants Cary, Ng, Saso, and Walik failed to timely respond to plaintiff's cell for a period of five minutes, despite being informed of this altercation. These defendants along with Does 11-50 failed to provide plaintiff with immediate medical assistance for a period of at least six minutes after discovering him covered in blood…[and in] acute respiratory/cardiac distress/arrest." ECF No. 1 at 11. This delay in receiving medical attention caused plaintiff's injuries to be aggravated. As a result of this incident, plaintiff sustained extensive injuries and is

now in a permanent vegetative state. ECF No. 1 at 13.

As his first cause of action, plaintiff alleges a state law negligence claim against defendants. His second claim for relief contends that defendants were deliberately indifferent to plaintiff's right to safety and his serious medical needs in violation of the Eighth and Fourteenth Amendments. Plaintiff asserts that defendants Cary, Ng, Saso, Walik, and Does 11-50 violated California's Bane Act in the third cause of action.

Plaintiff acknowledges submitting a state governmental claim for damages and exhausting all of his administrative remedies within CDCR prior to filing suit. ECF No. 1 at 12.

By way of relief, plaintiff seeks compensatory and punitive damages.

III. Analysis

After conducting the required screening, the court finds that plaintiff has sufficiently alleged claims of deliberate indifference to plaintiff's safety as well as his serious medical needs in violation of the Eighth and Fourteenth Amendments against defendants Cary, Ng, Saso, Walik, and Does 11-50; and supplemental state law claims of negligence and a Bane Act violation under California Civil Code § 52.1 against defendants Cary, Ng, Saso, Walik, the State of California, the CDCR, and Does 1-50.[1] See Cal. Govt. Code § 815.2(a) (imputing liability to public entities for "injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment…."). Therefore, the court will order defendants Cary, Ng, Saso, Walik, the State of California, and the CDCR to answer the complaint within 30 days from the date of this order.

With respect to the federal claims against defendants State of California and CDCR, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan,

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names. See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010).

1  440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Lucas v. Dep't of
2  Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment
3  claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment
4  immunity); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case,
5  the State of California has not consented to suit with respect to the federal constitutional claims.
6  Therefore, plaintiff's federal claims against the State of California and the CDCR are barred by
7  the Eleventh Amendment.  The Eighth and Fourteenth Amendment claims against these
8  defendants should be dismissed.

9  An additional defect exists with respect to all claims against defendant CSP-Sacramento.
10  This defendant is merely the situs where the alleged constitutional violations occurred.  The civil
11  rights statute under which this case proceeds creates a private right of action against every person
12  who under color of state law violates the civil rights of any other individual.  42 U.S.C. § 1983.
13  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the
14  Constitution and laws of the United States, and (2) that the deprivation was committed by a
15  person acting under color of state law."  Chudacoff v. Univ. Med. Center of Southern Nevada,
16  649 F.3d 1143, 1149 (9th Cir. 2011).  Since defendant CSP-Sac is a building and not a person,
17  plaintiff fails to state a cognizable claim for relief against this defendant.  To the extent that CSP-
18  Sac is a subdivision of CDCR, the state law claims that lie against CDCR encompass it.

19  The undersigned further finds that plaintiff has failed to state an Eighth and Fourteenth
20  Amendment violation against Does 1-10 because they are identified as the supervisors and
21  administrators of the named correctional officers in this case.  See ECF No. 1 at 8.  However,
22  government officials may not be held liable for the unconstitutional conduct of their subordinates
23  under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983
24  suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability, each
25  Government official, his or her title notwithstanding is only liable for his or her own
26  misconduct.").  When the named defendant holds a supervisory position, the causal link between
27  the defendant and the claimed constitutional violation must be specifically alleged; that is, a
28  plaintiff must allege some facts indicating that the defendant either personally participated in or

directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). The complaint is bereft of any such facts linking Does 1-10 to the alleged constitutional violations in this case. Therefore, the undersigned recommends that the Eighth and Fourteenth Amendment claims be dismissed against these defendants as they are based solely on supervisory liability.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The undersigned finds that, as set forth above, the complaint fails to state any claim upon which relief may be granted against CSP-Sac. In addition, the undersigned finds that plaintiff has failed to properly plead an Eighth and Fourteenth Amendment violation against the State of California, CDCR, and Does 1-10. Given the nature of the claims, amendment would be futile for the reasons outlined above. Therefore, the undersigned recommends that CSP-Sac and the Eighth and Fourteenth Amendment claims against the State of California, CDCR, and Does 1-10 be dismissed without leave to amend.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. This case proceed on claims of deliberate indifference to plaintiff's safety as well as his serious medical needs in violation of the Eighth and Fourteenth Amendments against defendants Cary, Ng, Saso, Walik, and Does 11-50; and supplemental state law claims of negligence and a Bane Act violation under California Civil Code § 52.1 against defendants Cary, Ng, Saso, Walik, the State of California, the CDCR, and Does 1-50.

2. Defendants Cary, Ng, Saso, Walik, the State of California, and the CDCR shall file an answer to the complaint within 30 days from the date of this order.

////

1      IT IS FURTHER RECOMMENDED that all claims against California State Prison-
2 Sacramento as well as the Eighth and Fourteenth Amendment claims against the State of
3 California, the CDCR, and Does 1-10 be dismissed from this action without leave to amend for
4 the reasons indicated herein.
5      These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
10 objections shall be served and filed within fourteen days after service of the objections.  The
11 parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: October 30, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE