UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, by and through GUARDIAN AD LITEM SERGIO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:21-cv-01086 DAD AC<br><br>ORDER |

Plaintiff is a state prisoner proceeding by and through his appointed guardian ad litem in this civil rights action, which was removed from state court on June 18, 2021. All parties are proceeding through counsel. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently pending is defendants' motion to dismiss which is scheduled for a hearing before the undersigned on January 17, 2024. Plaintiff filed his opposition on December 29, 2023 along with a motion for an extension of time to file the untimely opposition due to the excusable neglect of counsel. ECF Nos. 17, 18. Although defendants did not file a formal opposition to the motion for an extension of time, they did indicate in their reply brief that the motion to dismiss

////

1

should be granted on the basis of the untimely filing alone.  See ECF No. 19 at 2 n. 2 (citing Local Rule 230(c)).

## I. Motion for Extension of Time

Plaintiff requests an extension of time to file the opposition to the motion to dismiss based on a calendaring error created by counsel's reliance on a "trusted and well-known treatise on Federal Civil Procedure Before Trial."  ECF No. 17 at 1.  The treatise indicated that plaintiff's opposition was due 14 days before the scheduled hearing, or, in this case, by January 3, 2024.  Plaintiff submits that this calendaring error constitutes excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure to justify extending the deadline to oppose the motion to dismiss.

## II. Legal Standards

Rule 6(b) of the Federal Rules of Civil Procedure allows a court to grant an extension of time, after a deadline has expired, for good cause and "if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), applies in this context.  See Bateman v. United States Postal Serv., 231 F.3d 1220, 1223–24 (9th Cir. 2000).  In Pioneer, the Supreme Court adopted a "flexible understanding" of excusable neglect and identified four basic factors to be considered by the court when ruling on a request to extend a filing deadline.  Pioneer, 507 U.S. at 389.  These factors include: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its impact on court proceedings; 3) the reason for the delay; and, 4) the good faith of the moving party.  Pioneer, 507 U.S. at 395.

## III. Analysis

Applying the factors in Pioneer, the court finds that plaintiff's delay of 16 days is a very short period of time in light of the history of this case.  Moreover, this delay does not have any impact on the scheduled hearing on the motion to dismiss or on the overall proceedings in this case.  This matter is at an early stage of proceedings, and the court has not yet issued a scheduling order or set any litigation deadlines.

Secondly, while a calendaring error has been described as a "weak justification for an attorney's delay," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010), it is the type of error that has supported an extension of time. See Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004). Counsel's calendaring error was based on his reliance on a secondary legal resource that he had relied upon in the past to accurately determine response deadlines. In that light, counsel's reason for delay was justified.

The third factor is whether movant acted in good faith. Based on counsel's expeditious attempt to file the opposition after discovering his mistake, the court finds that there is no bad faith demonstrated in this case. See Bateman, 231 F.3d at 1225 (finding that counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness").

The last factor to consider is prejudice to the opposing party. The only prejudice to defendants is having to appear at the hearing on the motion to dismiss. See Local Rule 230(c) (stating that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to that motion has not been timely filed). Plaintiff emphasizes that the extension of time should be granted to allow this case to be resolved on the merits. In analyzing excusable neglect under Rule 60(b) of the Federal Rules of Civil Procedure, the Ninth Circuit has found that the loss of a quick victory and potentially having to reschedule a trial date were insufficient prejudice to justify denying an extension of time. Bateman, 231 F.3d at 1225; see also Ahanchian, 624 F.3d at 1262 (emphasizing that "[a]t most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."). Therefore, the court does not consider prejudice to defendants to be dispositive.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time to file his opposition to the motion to dismiss (ECF No. 17) is granted.

DATED: January 12, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE