UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, by and through his Guardian Ad Litem, Sergio Rojas,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No.  2:21-cv-01086 DAD AC<br><br><u>ORDER AND</u><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding by and through his appointed guardian ad litem in this civil rights action which was removed from state court on June 18, 2021.  All parties are proceeding through counsel.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently pending before the court is defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 12.  Following briefing by the parties, a hearing was held on the motion on January 17, 2024, and the matter was taken under submission.  The parties appeared through their respective counsel.  Having reviewed the parties' briefing and oral arguments, and for the reasons that follow, it is recommended that defendants' motion to dismiss be granted in part and denied in part.

I.      Factual and Procedural Background

Roberto Rojas was a mentally ill prisoner at CSP-Sac who was permanently injured on February 16, 2020 after being attacked by his cellmate. ECF No. 1 at 10. As a result of the assault, he is in a permanent vegetative state at a nursing home in West Sacramento and lacks legal capacity to sue or be sued on his own behalf.

This § 1983 action was filed on behalf of Roberto Rojas by his father, Sergio Rojas. The complaint was screened and service was ordered on the Eighth Amendment claim of deliberate indifference to plaintiff's safety and serious medical needs against defendants Cary, Ng, Saso, Walik, and Does 11-50 as well as supplemental state law negligence and Bane Act claims against defendants Cary, Ng, Saso, Walik, the State of California, the CDCR, and Does 1-50. ECF Nos. 11, 22.

II.     Allegations of the Complaint

At all times relevant to the allegations in the complaint, plaintiff "suffered from serious and chronic mental illness and behavior issues including schizophrenia, psychosis, grandiose and paranoid delusions, severe agitation and disorganization in thought process." ECF No. 1 at 9. On February 16, 2020, defendants Cary and Does 11-50 removed plaintiff from the cell he shared with Danny Davis and escorted him to the cell of inmate Eugene Clapps who was known to have a history of "violent behavior directed at prior prison cellmates, prison staff and the general prison population." ECF No. 1 at 10. Defendants Cary, Ng and Does 11-50 failed to conduct an adequate pre-assignment housing investigation to determine if plaintiff and Clapps were appropriate cellmates in light of their prior history as well as their "racial divergence." ECF No. 1 at 10. "Within approximately one minute of the cell door closing, Clapps attacked Rojas by throwing him to the floor and stomping on his head and body for several minutes…." ECF No. 1 at 10. Defendants Cary, Ng, Saso, and Walik failed to timely respond to plaintiff's cell for a period of five minutes, despite being informed of this altercation. These defendants along with Does 11-50 failed to provide plaintiff with immediate medical assistance for a period of at least six minutes after discovering him covered in blood…[and in] acute respiratory/cardiac distress/arrest." ECF No. 1 at 11. This delay in receiving medical attention caused plaintiff's

injuries to be aggravated. As a result of this incident, plaintiff sustained extensive injuries and is now in a permanent vegetative state. ECF No. 1 at 13.

Plaintiff submitted a state governmental claim for damages and exhausted all of his administrative remedies within CDCR prior to filing the instant suit. ECF No. 1 at 12.

III.   Defendants' Motion to Dismiss

Defendants first raise a challenge to the standing of Sergio Rojas to sue on his son's behalf because he had not formally been appointed as his guardian ad litem at the time the complaint was filed in state court. ECF No. 12-1 at 12-15. The complaint in this case was filed on March 11, 2021, but Sergio Rojas's application to be appointed guardian ad litem was not granted by the Sacramento Superior Court until May 3, 2021. See ECF No. 12-5. According to defendants, the case should be dismissed without leave to amend because Article III standing must exist at the time of filing. ECF No. 12-1 at 13.

Defendants also contend that the complaint fails to state a claim and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because there is a heightened pleading standard for state law claims against public agencies and officials. ECF No. 12-1 at 16 (citing Cal. Govt. Code § 951). Defendants assert that the complaint fails to meet this standard because it does not "identify each Defendant's duty under those [CDCR] policies or to show how each Defendant violated their duties…," or that defendants' actions were deliberate or spiteful to properly state a claim. ECF No. 12-1 at 17, 19. Defendants submit that plaintiff's state government claim did not supply the agency with adequate notice of his Bane Act violation, identify defendant Walik, or "include any facts to support a theory of recovery against the State or CDCR." ECF No. 12-1 at 20-21. Furthermore, the State of California and CDCR are immune from liability pursuant to California Government Code § 844.6 because plaintiff's injuries were caused by his cellmate. ECF No. 12-1 at 22.

With respect to the Eighth Amendment deliberate indifference claim, defendants contend that they are immune from liability based on California Government Code § 845.6 because the complaint does not allege that defendants are "medical staff, or that they have medical training, or that providing medical care falls within the scope of [their] employment…." ECF No. 12-1 at 22.

1  Defendants further assert that this claim is deficient because it does not show "(1) when
2  Defendants Cary, Saso, or Walik were notified about the altercation; (2) where they were located
3  in the prison complex when they received the notification; or (3) how long it should take to get
4  from that location to Plaintiff's cell." ECF No. 12-1 at 18.  Moreover, the complaint does not
5  contain any facts that defendants' were aware that their delay in rendering medical assistance
6  would cause plaintiff significant harm.  ECF No. 12-1 at 19.  Lastly, defendants assert that the
7  Eighth Amendment claim of deliberate indifference to plaintiff's safety should be dismissed
8  because there are "no facts showing that Defendants knew that Plaintiff faced a substantial risk of
9  serious harm from inmate Clapps…." ECF No. 12-1 at 17.
10       By way of opposition, plaintiff contends that the motion to dismiss pursuant to Rule
11 12(b)(1) conflates standing with capacity to sue.  ECF No. 18 at 7.  "Roberto Rojas had standing
12 to sue as of 3-11-21 as the aggrieved party, as alleged in the complaint.  What minors and
13 incompetents do not have is the 'capacity to sue,' conduct or prosecute an action once filed,
14 which comes through the Guardian ad Litem, after appointment of the Guardian ad Litem by the
15 judge." ECF No. 18 at 7.  According to plaintiff, California Probate Code § 1003(a) allows a
16 guardian ad litem to be appointed "at any stage of the proceeding…" and Section 372 of the
17 California Code of Civil Procedure authorizes the appointment of one only after an action is
18 commenced.  ECF No. 18 at 6.
19       With respect to the 12(b)(6) argument, plaintiff responds that the facts in support of a
20 negligence claim were pleaded with "as much particularity as is accessible or available… at the
21 time of filing."  ECF No. 18 at 9.  Plaintiff asserts that substantial compliance with a state
22 government claim is sufficient as a matter of state law.  ECF No. 18 at 15.  With respect to the
23 failure to name defendant Walik or to not specify the wrongdoing by the State of California or
24 CDCR in the state government claim form, plaintiff submits that there is no case law cited by
25 defendants and that "including everyone in the claim is not required, only that there are sufficient
26 facts to allow the defendant, employer, to investigate the alleged claim."  ECF No. 18 at 15
27 (citing K.T. v. Pittsburgh Unified School District, 219 F. Supp. 3d 970 (N.D. Cal. Nov. 8, 2016)).
28 Plaintiff concedes that the CDCR and State of California "appear to be immune from any injury

4

caused by a prisoner" pursuant to California Government Code § 844.6. ECF No. 18 at 16. Plaintiff requests leave to amend to clarify this claim as well as any other claims that the court finds deficiently plead.

In their reply, defendants assert that the case law cited by plaintiff does not address the issue in this case concerning whether a third party can initiate a lawsuit in California state court on behalf of an incapacitated adult when that third party has not yet been appointed as guardian ad litem. ECF No. 19 at 2-5. With respect to the 12(b)(6) issues, defendants argue that the claims against the State of California and CDCR do not meet the state law heightened pleading standard. ECF No. 19 at 5-6. Defendants acknowledge that specific portions of the complaint allege that defendants owed plaintiff a duty of care, but defendants fault the complaint for not detailing specific facts that demonstrate "that any Defendant's job responsibilities included investigating and screening cell assignments, monitoring cells after placement, responding to the cell during the assault, evaluating Plaintiff's physical condition, or providing treatment of Plaintiff's severe respiratory distress." ECF No. 19 at 6. The state law Bane Act claim is similarly flawed according to defendants because there are no allegations that defendants "interfered with Plaintiff's state or federal rights by threats, intimidation or coercion…." Id. Lastly, defendants submit that the Eighth Amendment deliberate indifference claims are deficient because it does not include "facts to demonstrate that any of the Defendants knew that Plaintiff faced a substantial risk of serious harm…, then disregarded that risk…, or that any Defendant caused harm to Plaintiff by a purposeful act or failure to respond to his pain or possible medical need." Id. at 7.

IV. Legal Standards

A. Rule 12(b)(1) Standards

A motion to dismiss based on lack of subject-matter jurisdiction is permitted by Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court can consider documents beyond the complaint itself in a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) without converting the motion into a summary judgment motion. Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). In this type of challenge to the complaint, the court does not presume the truthfulness of the plaintiff's

5

allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039 n. 2.

      B.   Rule 12(b)(6) Standards

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,

551 U.S. 89, 94 (2007); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  Facts subject to judicial notice may be considered by a court on a motion to dismiss.

   V. Analysis

   A. Rule 12(b)(1): Standing and Capacity to Sue

   Turning first to defendants' argument under Rule 12(b)(1), the undersigned finds that the issue of standing is a non-starter.  Plaintiff argues, as noted above, that defendants have confused the issue of standing with plaintiff's capacity to sue.  Plaintiff is correct that defendants do not challenge Roberto Rojas's standing to sue as the injured party in this case.  Instead, they argue that Sergio Rojas improperly initiated this lawsuit before he was authorized to act as guardian ad litem for plaintiff.  That is not a standing issue, and it does not implicate this court's jurisdiction under Article III.

   The following chronology is undisputed.[1]  Sergio Rojas was appointed as the temporary conservator of the person and estate of Roberto Rojas in August of 2020 in Yolo County, and he filed a timely California Government Claim in his capacity as conservator.  The temporary conservatorship expired after denial of the claim by the Government Claims Board.  Sergio Rojas applied for appointment as guardian ad litem ("GAL") for Roberto Rojas on March 10, 2021, in Sacramento County Superior Court.  The complaint in this case was filed the next day by "Roberto Rojas, by and through his Guardian ad Litem, Sergio Rojas."  The superior court

---

[1] To the extent that it is necessary, the court grants defendants' request for judicial notice of the state court records concerning the appointment of Sergio Rojas as plaintiff's guardian ad litem. See ECF No. 13.

7

granted the GAL application on May 3, 2021, after which the summons issued. The case was removed to this court on June 16, 2021.

There is nothing remarkable, let alone problematic, about this sequence of events. Had this case been initiated in federal court, Sergio Rojas could have filed the complaint and his GAL application simultaneously, and GAL status would necessarily have been determined following commencement of the lawsuit. See Rule 17(c)(2), Fed. R. Civ. P; E.D. Cal. Local Rule 202(a)(2). The applicable California rule appears to also contemplate appointment of a GAL following commencement of an action. See Cal. Code Civ. P. § 372(a). At hearing on the instant motion to dismiss, the undersigned gave defense counsel the opportunity to provide any California authority for the proposition that issuance of a formal order appointing a guardian ad litem is a condition precedent to filing suit in state court. No such authority has been provided by defendants, nor has the court located any through its independent research. Absent such authority, defendant's "standing" or "capacity to sue" theory provides no basis for dismissal. The undersigned recommends denying defendants' motion to dismiss on this ground.

B. Rule 12(b)(6): Sufficiency of Allegations to State a Claim for Relief

1. Eighth Amendment Claims

Accepting the allegations of the complaint as true and viewed in the light most favorable to plaintiff, the undersigned finds that the complaint sufficiently alleges deliberate indifference to plaintiff's safety and serious medical needs in violation of the Eighth Amendment. See Erickson, 551 U.S. at 94. Specifically, the undersigned finds that a reasonable inference of deliberate indifference to plaintiff's safety can be drawn from the factual allegations detailing defendants' knowledge of Clapps' "history of aggressive and violent behavior" combined with the nearly instantaneous assault on plaintiff once housed with inmate Clapps. ECF No. 1 at 10; see also Ashcroft, 556 U.S. at 678. Likewise, the complaint alleges that plaintiff did not receive any medical treatment or immediate first aid for "at least six minutes after prison staff arrived" at plaintiff's cell following the attack. ECF No. 1 at 11. The complaint describes plaintiff's condition at this point as "covered in blood, [and] making gurgling sounds and snoring loudly, all signs of acute respiratory/cardiac distress/arrest." ECF No. 1 at 11. Based on this description of

injuries that were readily observable to the prison staff who responded, the factual allegations in the complaint are sufficient to state an Eighth Amendment deliberate indifference claim to his serious medical needs.

For these reasons, the undersigned recommends denying the portion of the 12(b)(6) motion challenging plaintiff's Eighth Amendment deliberate indifference claims. The district judge has adopted the screening order in which the undersigned previously found these claims to be sufficiently supported, ECF Nos. 11 & 22, and the motion to dismiss presents no grounds for a different result.

    2. State Law Claims

        a. Claims Presentation Requirement

The California Government Claims Act statute applies to all state law claims brought in federal court. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Under the Government Claims Act, claims for money or damages against local public entities must be presented to the responsible public entity before a lawsuit is filed. Cal. Gov. Code § 905; City of Stockton v. Superior Court, 42 Cal. 4th 730, 734 (Cal. 2007). The fundamental purpose of the CGCA "is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974), superseded by statute on other grounds (citations omitted). State courts have held that a government claim need not contain the same detail and specificity required of a complaint, but it does need "to describe fairly what that entity is alleged to have done." Turner v. State of California, 232 Cal.App.3d 883, 888 (1991); see also Shoemaker v. Myers, 2 Cal.App.4th 1407, 1426 (1992).

In this case, plaintiff's government claim identified the CDCR and Does 1 to 50 as the agencies or employees against whom the claim was filed. ECF No. 12-4 at 2. In a separate attachment, plaintiff identified the persons involved as "Officer Cary; Officer Saso; Sergeant Ng; [and] Healthcare professionals at California State Prison, Sacramento" and then described the acts and omissions that supported liability for plaintiff's injuries sustained on February 16, 2020. ECF No. 12-4 at 4. The court finds that plaintiff's claim under the Government Claims Act was

sufficient to allow an adequate investigation of the matter even though plaintiff did not name defendant Walik or specifically describe the wrongdoing by the CDCR or the State of California. See Stockett v. Assoc. of Cal. Water Agencies Joint Power Ins. Authority, 34 Cal.4th 441 (2004) (holding that claim sufficiently provided government agency notice of all theories of wrongful termination). It is recommended that the motion to dismiss be denied on this basis.

### b. Bane Act

The Tom Bane Civil Rights Act protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." See Venegas v. County of Los Angeles, 32 Cal.4th 820, 841 (2004). In order to state a claim under the Bane Act, "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal.App.4th 41, 67 (2015) (citations omitted). Several courts have found that that "a prison official's deliberate indifference to serious medical needs is a coercive act" for purposes of the Bane Act. See Scalia v. County of Kern, 308 F.Supp.3d 1064, 1084 (E.D. Cal. 2018) (collecting cases). "Plaintiffs bringing Bane Act claims for deliberate indifference to serious medical needs must only allege prison officials 'knowingly deprived [them] of a constitutional right or protection through acts that are inherently coercive and threatening,' such as housing a prisoner in an inappropriate cell, failing to provide treatment plans or adequate mental health care, and failing to provide sufficient observations.'" Lapachet v. California Forensic Med. Grp., Inc., 313 F. Supp.3d 1183, 1195 (E.D. Cal. 2018) (citation omitted). In this case, the undersigned concludes that placing plaintiff in a cell with inmate Clapps was an inherently coercive action that sufficiently states a Bane Act violation. For the same reasons as the undersigned has found sufficient Eighth Amendment deliberate indifference claims, the complaint adequately alleges separate state law claims for violating the Bane Act.

### c. Negligence

In California, the elements of a cause of action for negligence are: (1) a legal duty to use reasonable care; (2) breach of that duty; and (3) proximate cause between the breach and (4) the

plaintiff's injury.  See Mendoza v. City of Los Angeles, 66 Cal.App.4th 1333, 1339 (1998) (citation omitted).

In this case, defendants challenge the adequacy of the complaint because it does not detail each defendants' job responsibilities that would support a legal duty owed to plaintiff.  However, notice pleading is all that is required.  See Fed. R. Civ. P. 8(a)(2).  Absent discovery as to the job assignments and duty stations of each particular defendant on August 16, 2020, plaintiff correctly states that the negligence claims were pleaded with "as much particularity as is accessible or available… at the time of filing."  ECF No. 18 at 9.  The complaint generally alleges that "defendants were charged with the duty of housing, feeding, supervising and caring for the inmate population at CSPS and complying with the appropriate standard of care in the execution of these duties," but it also identifies specific CDCR policies that defendants breached which led to plaintiff's injuries from his cell mate.  ECF No. 1 at 9-12.  The undersigned finds that the complaint adequately alleges a cause of action for negligence under state law.  As a result, the motion to dismiss the state law negligence claim should be denied.

d.     State Law Immunity

Defendants contend that (1) the State and CDCR are immune from liability for injuries caused by plaintiff's cellmate pursuant to California Government Code §§ 815(a) and 844.6, and (2) all defendants are immune from liability for failing to furnish or obtain medical care pursuant to California Government Code § 845.6.

The latter statute provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Cal. Gov. Code § 845.6.

Plaintiff's allegations are sufficient to bring the claims within the scope of the statutory exception to immunity.  Taking the allegations of the complaint as true and drawing reasonable

11

inferences from them in plaintiff's favor, the defendant employees, acting within the scope of their duties, knew or has reason to know that the plaintiff was in need of immediate medical care and failed to take reasonable action to summon such care. Accordingly, § 845.6 does not provide a basis for dismissal.

As to the independently asserted immunity of CDCR and the State of California for the assault itself, plaintiff concedes that these defendants (though not the individual employee defendants) are immune from liability for injury caused by a prisoner pursuant to California Government Code § 844.6. That statute expressly provides that "a public entity is not liable for … [a]n injury proximately caused by any prisoner." Cal. Gov. Code § 844.6(a). Accordingly, the State and CDCR may not be liable for the assault on plaintiff. The motion should be granted on this limited issue.[2]

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for judicial notice (ECF No. 13) is granted.

IT IS FURTHER RECOMMENDED that Defendant's motion to dismiss (ECF No. 12) be GRANTED IN PART AND DENIED IN PART as follows:

1. GRANTED insofar as the State of California and CDCR should be dismissed from the negligence and Bane Act claims to the extent, and only to the extent, that those claims are based on the assault by plaintiff's cellmate; and
2. Otherwise DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Plaintiff seeks leave to amend, apparently in order to clarify that his state law claims arising from the assault itself—as opposed to the failure to provide immediate medical assistance—lie only against the individual defendants and not against CDCR and the State. ECF No. 18 at 16. Given the concession of immunity, the court does not understand plaintiff to seek leave to amend in an attempt to *overcome* immunity. An amended pleading is unnecessary.

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE