UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, by and through his guardian ad litem, SERGIO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS REHABILITATION, et al.,<br><br>Defendants. | No. 2:21-cv-01086-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>(Doc. Nos. 12, 23) |

Plaintiff Roberto Rojas is a state prisoner proceeding by and through his *guardian ad litem*, with counsel, in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The gravamen of plaintiff's complaint is that due to defendants' negligence and deliberate indifference to his safety and medical needs, plaintiff was assigned housing with a violent cellmate who attacked him within a minute of their cell door closing, causing plaintiff to suffer serious injuries and leaving him in a permanent vegetative state. (Doc. No. 1 at 10.) The court's order following screening of plaintiff's complaint provided that: "[t]his action shall proceed on plaintiff's Eighth and Fourteenth Amendment deliberate indifference claims as to plaintiff's safety and serious medical needs against defendants Cary, Ng, Saso, Walik, and Does 11–50, as

1

well as plaintiff's supplemental state law claims under the Bane Act and for negligence against defendants Cary, Ng, Saso, Walik, the State of California, the CDCR, and Does 1– 50." (Doc. No. 22 at 2.)

On November 19, 2023, defendants filed the pending motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12.) In their motion, defendants challenge the standing of Sergio Rojas to sue on his son's behalf, and they argue that plaintiff's complaint lacks sufficient factual allegations to state cognizable claims against them. (*Id.*)

On February 13, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss under Rule 12(b)(1) be denied, and that defendants' motion to dismiss under Rule 12(b)(6) be granted "insofar as [defendants] State of California and CDCR should be dismissed from the negligence and Bane Act claims to the extent, and only to the extent, that those claims are based on the assault by plaintiff's cellmate," because those public entity defendants have statutory immunity from liability for an injury caused by a prisoner pursuant to California Government Code § 844.6.[1] (Doc. No. 23 at 12.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On February 27, 2024, defendants filed objections to the pending findings and recommendations. (Doc. No. 24.) On March 8, 2024, plaintiff filed a response thereto, but plaintiff did not file any objections to the findings and recommendations of his own. (Doc. No. 25.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendants' objections and plaintiff's response thereto, the court adopts the findings and recommendations in part and declines to adopt them in part.

/////

---

[1] California Government Code § 844.6 provides that "a public entity is not liable for . . . [a]n injury proximately caused by any prisoner." Cal. Gov't Code § 844.6(a).

2

As a preliminary matter, defendants clarify in their objections that they do not object to the findings and recommendations with regard to their Rule 12(b)(1) challenge to standing. (Doc. No. 24 at 6.) Defendants also do not object to the findings and recommendations with regard to plaintiff's claims brought against defendants Cary and Ng to the extent those claims are based on plaintiff's cell assignment. (*Id.*)

Defendants primarily contend that the findings and recommendations erroneously concluded that plaintiff's allegations and reasonable inferences drawn from those allegations are sufficient to state cognizable claims against all four individual defendants, even though plaintiff does not allege facts showing that each defendant was involved in the alleged conduct giving rise to this action. (*Id.*) For example, according to defendants, the complaint alleges involvement only by defendants Cary and Ng in plaintiff's cell assignment and "no facts are alleged showing that defendants Walik and Saso had any involvement in plaintiff's cell move" or "were even aware of it." (*Id*. at 6, 9.) Defendants also contend that "only three of the four named individual defendants [Cary, Walik, and Saso] are alleged to have knowledge of the attack and responded to plaintiff's cell," and "[t]he complaint contains no facts to infer that defendant Ng was aware of the attack or responded to plaintiff's cell and then failed to summon or render medical aid." (*Id.* at 6.)

In his response to defendants objections, plaintiff essentially counters that all of his allegations pertain to all defendants. (Doc. No. 25 at 6.) To support this assertion, plaintiff relies on the following allegation in the "parties" section of his complaint: "[e]ach reference in this complaint to 'defendant,' 'defendants,' and/or a specific identified defendant also refers to every other defendant whether specifically or fictitiously named herein." (*Id.*) (citing Doc. No. 1 at 8, ¶ 7.) Plaintiff also emphasizes that there is "language throughout the complaint that repeatedly states 'defendants, and each of them." (Doc. No. 25 at 6.) Plaintiff further requests that even if his allegations in this regard are insufficient, "dismissal is not the solution at this stage, but instead, plaintiff[] should be permitted to amend the complaint to cure such factual issues." (*Id.*)

The undersigned finds that plaintiff's attempt to lump the defendants together in order to attempt to state cognizable claims against all of them fails. *See Williams v. Cnty. of L.A. Dep't of*

*Pub. Soc. Servs.*, No. 14-cv-07625-JVS-JC, 2016 WL 8730914, at *5 (C.D. Cal. May 2, 2016) ("Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct, however, are insufficient to show that plaintiff is entitled to relief from any *individual* defendant."), *report and recommendation adopted*, No. 14-cv-07625-JVS-JC, 2016 WL 8737230 (C.D. Cal. May 20, 2016); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff has not stated with any specificity how each private defendant allegedly deprived him of a right secured by the Constitution or laws of the United States. Instead, all defendants are lumped together in a single, broad allegation."). Thus, defendants' objections to the findings and recommendations with regard to plaintiff's claims against defendants Walik and Saso based on the cell reassignment and plaintiff's claims against defendant Ng based on the response to the attack on plaintiff are well-taken. In the undersigned's view, plaintiff has not adequately alleged a claim against defendants Walik and Saso for deliberate indifference to plaintiff's safety based on his cell reassignment, nor has plaintiff adequately alleged a claim against defendant Ng for deliberate indifference to plaintiff's safety or to plaintiff's serious medical needs based on the response to the attack.

For these reasons, the undersigned will decline to adopt the findings and recommendations, in part, and instead grant defendants' motions to dismiss but only as to these claims brought against these defendants based on these factual predicates. Because plaintiff specified certain defendants by name in describing the events giving rise to his claims in this action, plaintiff's omission of the other defendants in those allegations certainly appears to the court to be intentional and indicative that those omitted defendants were not involved in those particular events. Nonetheless, the undersigned will grant plaintiff's request for leave to amend his allegations, though plaintiff is cautioned that he should only do so consistent with Rule 11 of the Federal Rules of Civil Procedure. In this regard, plaintiff's counsel is reminded of the obligations under Rule 11, and in particular, Rule 11(b)'s provision that by presenting the court with a pleading, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support

/////

4

1   or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity
2   for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3).

3   In addition, in their objections, defendants argue that plaintiff's allegation that unnamed "prison staff" were informed of the altercation is insufficient to allege each of the defendants' knowledge of the attack, let alone that they failed to promptly respond to the attack and summon medical care. (Doc. No. 24 at 13) (citing Doc. No. 1 at 11, ¶ 23). While plaintiff's allegations are not the model of clarity in this regard, the undersigned is not persuaded by defendants' argument. The undersigned agrees with the analysis in the findings and recommendations, which found that plaintiff had sufficiently alleged deliberate indifference to his serious medical needs based on his detailed description of his condition at the time defendants Cary, Saso, and Walik responded to the cell (i.e., that plaintiff was unconscious, "covered in blood, making gurgling sounds and snoring loudly, all signs of acute respiratory/cardiac distress/arrest") coupled with plaintiff's allegations that these defendants failed to provide immediate medical assistance (e.g., check his pulse or initiate CPR), that "he received no medical treatment for at least six minutes after prison staff arrived at the subject cell," and that "this delay in treatment caused an aggravation of [plaintiff's] severe injuries." (Doc. Nos. 23 at 9; 1 at 11, ¶¶ 22–24.)

17  Lastly, defendants assert in their objections that the magistrate judge erred in finding that the statutory immunity under California Government Code § 845.6 did not provide a basis for dismissal of plaintiff's claims of deliberate indifference to his serious medical needs. (Doc. No. 23 at 11.) The undersigned is also not persuaded by defendants' unsupported argument that they cannot be found liable for failing to summon medical care merely because medical care was "summoned by someone" at some point. (Doc. No. 16 at 17.) The exception to the statutory immunity under § 845.6 applies when the public employee "knows or has reason to know that the prisoner is in need of *immediate* medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6 (emphasis added). The undersigned agrees with the findings and recommendations, which found that "[p]laintiff's allegations are sufficient to bring his claims within the scope of the statutory exception to immunity." (Doc. No. 23 at 11.)

28  /////

In sum, the magistrate judge properly found that: (i) plaintiff sufficiently stated his claims of negligence, deliberate indifference to his safety and serious medical needs, and violation of the Bane Act against defendants Cary, Saso, and Walik based on their response to the attack on plaintiff by his cellmate; (ii) that plaintiff sufficiently stated his claims of negligence, deliberate indifference to his safety and serious medical needs, and violation of the Bane Act against defendants Cary and Ng based on plaintiff's cell assignment; and (iii) that defendants State of California and CDCR are immune from plaintiff's negligence and Bane Act claims but only to the extent those claims are predicated on the assault by plaintiff's cellmate. With regard to these findings, the undersigned adopts the pending findings and recommendations.

Accordingly:

1. The findings and recommendations issued on February 13, 2024 (Doc. No. 23) are adopted in part and declined in part, and defendants' motion to dismiss (Doc. No. 12) is granted in part and denied in part, as follows:

    a. Defendants' motion to dismiss plaintiff's claims against defendants State of California and CDCR is granted, without leave to amend, to the extent those claims are based on the attack by plaintiff's cellmate;

    b. Defendants' motion to dismiss plaintiff's claims against defendant Ng is granted, with leave to amend, to the extent those claims are based on the response to the attack;

    c. Defendants' motion to dismiss plaintiff's claims against defendants Walik and Saso is granted, with leave to amend, to the extent those claims are based on plaintiff's cell assignment; and

    d. Defendant's motion to dismiss is otherwise denied;

/////
/////
/////
/////
/////

2. Within thirty (30) days from the date of this order, plaintiff shall file either a first amended complaint or a notice of his intent not to file a first amended complaint and to proceed only on the claims found to be cognizable;[2] and

3. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **July 18, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is reminded that a first amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the first amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.