UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, by and through his guardian ad litem, SERGIO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION, et al.,<br><br>Defendants. | No. 2:21-cv-1086 DAD AC P<br><br><br>ORDER |

Plaintiff Roberto Rojas is a state prisoner proceeding by and through his guardian ad litem, with counsel, in this civil rights action brought pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to amend the discovery and scheduling order. ECF No. 39. For the reasons stated below, the court grants in part and denies in part plaintiff's motion.

I.      Procedural Background

On March 11, 2021, plaintiff, through his guardian ad litem, filed suit against the State of California, California Department of Correctional Rehabilitation ("CDCR"), and several correctional officers and Doe defendants. ECF No. 1. The complaint alleges that defendants were negligent and deliberately indifferent to his safety and medical needs when they assigned plaintiff housing with a violent cellmate who attacked him within a minute of their cell door closing, causing plaintiff to suffer serious injuries and leaving him in a permanent vegetative

state. Id. at 7-22. On June 18, 2021, this case was removed from the Sacramento County Superior Court. Id. at 1-3.

On October 30, 2023, the undersigned screened the complaint and ordered an answer from the defendants to the cognizable claims. ECF No. 11 at 5. The undersigned further recommended that noncognizable claims be dismissed without leave to amend. Id. The recommendation was adopted in full. ECF No. 22.

On November 29, 2023, defendants filed a motion to dismiss. ECF No. 12. After the motion was fully briefed, the undersigned recommended that the motion be granted in part and denied in part. ECF No. 23 at 12. On July 18, 2024, the recommendation was adopted in part. ECF No. 27. Plaintiff was given thirty days to either file a first amended complaint ("FAC") or a notice of intent not to file a FAC and proceed only on the claims found to be cognizable. Id. at 7.

On August 6, 2024, plaintiff notified the court that he would not file a first amended complaint. ECF No. 28. Shortly thereafter, defendants filed an answer. ECF No. 29. The undersigned then directed the parties to meet and confer and file a joint proposed scheduling order, which they did. ECF Nos. 30, 31.

On November 22, 2024, the court issued a discovery and scheduling order, which adopted all the dates in the joint proposed scheduling order, except for the date of Rule 26 initial disclosures. Compare ECF No. 31 at 2 with No. 34 at 1-2. Per the discovery and scheduling order, the parties' Rule 26 initial disclosures were due by December 2, 2024, the non-expert discovery deadline is April 11, 2025, motions to compel non-expert discovery are due by May 16, 2025, expert witness disclosures and reports are due by June 6, 2025, rebuttal expert disclosures are due July 7, 2025, expert discovery motions to compel are due by August 8, 2025, and dispositive motions deadline is October 24, 2025. ECF No. 34 at 1-2.

On March 20, 2025, three weeks prior to the close of non-expert discovery, plaintiff filed a motion to amend the discovery and scheduling order, pursuant to Federal Rule of Civil Procedure 16(b)(4). ECF No. 39. Along with the motion, plaintiff filed a stipulation and proposed order allowing the motion to be heard on a shortened time. ECF No. 38. The court

////

2

1  granted the stipulation and ordered that any opposition to the motion be filed by April 2, 2025.
2  ECF No. 40.

3      II.    <u>Discovery Facts</u>

4         On November 15, 2024, before the court issued the operative discovery and scheduling
5  order, the parties served their Rule 26 initial disclosures, with defendants identifying 34 witnesses
6  and six categories of documents, and plaintiff identifying 27 witnesses and 53 documents. See
7  ECF No. 39-2 (Declaration of Steven Brown ("Brown Decl.")) ¶ 3; ECF No. 43-2 (Declaration of
8  Juliet Lompa ("Lompa Decl.") ¶ 2. As part of these disclosures, defendants disclosed 4389
9  documents. Brown Decl. ¶ 5.

10        On January 15, 2025—two months later—plaintiff served defendants with his first request
11 for discovery, which included interrogatories and requests for production. Id. ¶ 8; Lompa Decl.
12 ¶ 4. On February 10, 2025, defense counsel contacted plaintiff's counsel to request deposition
13 dates for plaintiff's guardian ad litem, plaintiff's mother, and plaintiff's brother, and proposed
14 dates for the deposition of plaintiff's primary care physician. Lompa Decl. ¶ 5. On February 14,
15 2025, plaintiff provided proposed dates for plaintiff's guardian ad litem and mother, for the week
16 of March 24, and for plaintiff's primary care physician, for the week of March 17, and indicated
17 they were still waiting to hear back from plaintiff's brother for a deposition date. ECF No. 43-2
18 at 9, Lompa Decl. Exhibit A. That same day, plaintiff, for the first time, requested the availability
19 for depositions of defendants Walik, Saso, Ng, and Cary. Id.

20        On February 18, 2025, defendants provided their first discovery responses, Brown Decl.
21 ¶ 18, which were incomplete, ECF No 43-2 at 38, Lompa Decl. Exhibit I.

22        On February 27, 2025, after failed attempts to locate plaintiff's brother to subpoena him
23 for a deposition, defense counsel reached out to plaintiff's counsel to ask for an address for him.
24 Lompa Decl. ¶ 6. On March 3, 2025, plaintiff's counsel provided the address and defense
25 counsel proceed to serve plaintiff's brother with a deposition subpoena that same day. Id.

26        On March 4, 2025, plaintiff's counsel inquired via email whether defendants would
27 stipulate to extending the non-expert discovery deadline from April 11, 2025, to May 9, 2025,
28 "[i]n light of the difficulties in finding and producing witnesses." Id. ¶ 7. Defense counsel

interpreted this as an inquiry referring to the short delay in obtaining plaintiff's brother's address and responded that defense counsel believed the parties were set to complete discovery within the current deadline. Id.; see also ECF No. 43-2 at 16, Lompo Decl. Exhibit C. Plaintiff's counsel responded "Sounds good." Lompa Decl. ¶ 7.

On March 5, 2025, plaintiff's counsel sent an email to defense counsel demanding that they provide the video surveillance that was not produced as part of the discovery responses. Id. ¶ 19. Defense counsel provided the video surveillance that same day, but it was not dated, or time stamped. ECF No. 43-1 (Declaration of Julianne Mossler ("Mossler Decl.")) ¶ 4. Plaintiff's counsel pointed this out and requested the dated and time stamped video surveillance. Id. Defense counsel contacted CSP-SAC to request it and provided it to plaintiff's counsel the next day. Id.

From March 7 to March 14, one of the two defense attorneys was out of office, with an away message. Lompa Decl. ¶ 9. During this time, plaintiff's counsel sent multiple emails regarding discovery. Id. ¶ 10.

On March 11, 2025, plaintiff served by email to defense counsel two subpoenas directed at CSP-SAC requesting SOM documents regarding the reason for cell transfers involving the prisoner who attacked plaintiff for the five-year period before the incident and Operational Manuals from 2019 and 2020. Id. ¶ 10.a. Despite their objections to plaintiff's request, defense counsel obtained and produced the documents on March 18 and 24. Lompa Decl. ¶ 10.a.

On Friday, March 14, 2025, plaintiff also sent a meet and confer letter to defense counsel requesting a stipulation to extend the non-expert discovery deadline. Id. ¶ 11; ECF No. 43-2 at 38, Lompa Decl. Exh. I. Plaintiff's counsel demanded a response by Monday, March 17, 2025. Lompa Decl. ¶ 11.

On March 18, 2025, defendant deposed plaintiff's primary care physician. Id. ¶ 11. After the deposition, plaintiff and defense counsel met and conferred in-person regarding plaintiff's request for a stipulation to extend the non-expert discovery date by two months. Id. ¶ 12. Defense counsel indicated they were not agreeable to an extension because there was no good

////

cause for an extension and because they had other pre-existing trial and personal commitments through June. Id.; Mossler Decl. ¶ 5.

That same day, plaintiff's counsel served a subpoena directed to defendant CDCR, instead of a request for production of documents, seeking the 2019 and 2020 Department Operations Manual ("DOM"). Lompa Decl. ¶ 10.b. Although these are public records available in the public domain, defense counsel obtained and produced the requested DOMs to plaintiff three days later.

On March 19, 2025, defense counsel provided additional outstanding discovery. Id. ¶ 14. That same day, the parties discussed the present motion and agreed to a shorten time for a hearing. Id. ¶ 15.

On March 20, 2025, plaintiff's counsel filed the instant motion to modify the discovery and scheduling order. ECF No. 39. Plaintiff's counsel also served defense counsel by email a deposition subpoena for non-party Officer Johnson, who was the control officer in A Facility 3 Block at the time of the incident. Lompa Decl. ¶ 10.c. Defense counsel advised plaintiff's counsel that they would work to find a date and time for the deposition prior to the April 11, 2025, cut-off if plaintiff properly served the deposition subpoena and provided appropriate witness and mileage fee. Id.

On March 31, 2025, defense counsel responded to plaintiff's discovery meet and confer letter from March 14, 2025. See Mossler Decl. ¶ 6. According to defense counsel, "[e]ach document requested in plaintiff's meet and confer letter has been produced with the exception of the Building 5 logbook entries from the date of the incident, which have not been located." Id. Defense counsel has requested that CSP-SAC continue to search for this document. Id.

III.     The Motion to Amend Discovery and Scheduling Order

On March 20, 2025, three weeks prior to the close of non-expert discovery, plaintiff filed a motion to amend the discovery and scheduling order, pursuant to Federal Rule of Civil Procedure 16(b)(4). ECF No. 39. Plaintiff argues that a sixty days extension of time for the discovery and pretrial deadlines is necessary because (1) this case is complex and involves thousands of pages of discovery and more than fifteen key witnesses; (2) defense counsel has delayed producing key documents and witnesses, in part, due to defense counsel's vacation

1 schedule and internal procedures with the State of California; and (3) the dates provided by
2 defense counsel for depositions of defendants are right before or the day of non-expert fact
3 discovery, which does not allow for additional discovery based on defendants' testimony. Id. at
4 1-2; see also Brown Decl. ¶¶ 4, 13, 19, 23-27, 29-34. Plaintiff asserts that "[m]uch of the
5 discovery that is still to be completed will become clear once the depositions of the officers are
6 completed and further response to discovery is provided to the anticipated motion." Id. at 6. He
7 claims that "[f]ailure to grant the extension will result in significant prejudice to plaintiff and his
8 ability to prepare for trial" and that defense counsel will suffer no prejudice or any potential
9 prejudice to defendants is their fault for their delayed and constant resistance to engage in
10 discovery. Id.

11 Defendants oppose plaintiff's request to modify, arguing that it is not supported by good
12 cause. ECF No. 43 at 2. Defendants argued that plaintiff's motion puts forth an incomplete and
13 inaccurate history of the parties' discovery efforts and does not assert any specific prejudice
14 absent an extension. Id. Defendants claim that plaintiff will have received all the documents
15 defendants are obligated to produce and deposed all defendants by the non-expert discovery cut-
16 off, and that plaintiff has not identified any specific additional discovery he intends to seek in the
17 future should he have more time to do so. Id. at 2, 9, 10. Additionally, defendants argue that the
18 modifications to the scheduling order would cause substantial prejudice to defendants, who are
19 largely unavailable to engage in discovery in May and June due to pre-existing time-off,
20 numerous trials set to take place in other cases, and litigation efforts in other active cases. Id.

21 Defendants further argue that if the court is inclined to grant plaintiff's motion, the court
22 limit the modification only to allow plaintiff "to conduct depositions of two inmates shown in the
23 AVSS video, on dates and times available to Defendants' counsel, as this is the only discovery he
24 has identified needing." Id. at 10.

25 IV. Legal Standard to Modify Discovery and Scheduling Order
26 To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving
27 party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975
28 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving

6

1   party's diligence.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good
2   cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence
3   of the party seeking the extension."  Johnson, 975 F.2d at 609.  "Although the existence or degree
4   of prejudice to the party opposing the modification might supply additional reasons to deny a
5   motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.
6   (citation omitted).  "If that party was not diligent, the inquiry should end."  Id.  "[C]arelessness is
7   not compatible with a finding of diligence and offers no reason for a grant of relief."  Id.
8        "In determining diligence, the Court can inquire into (1) whether the movant was diligent
9   in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could
10  not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3)
11  whether the movant was diligent in attempting to amend the scheduling order once the need to
12  amend became apparent."  G&M Farms Inc. v. E.I. du Pont, No. 1:24-cv-0213 JLT BAM, 2024
13  WL 4950175, at *3, 2024 U.S. Dist. LEXIS 218875, at *9 (E.D. Cal. Dec. 3, 2024); see also
14  Porter v. Solano County Sheriff's Office, No. 2:21-cv-1473 KJM JDP, 2024 WL 3361138, at *1,
15  2024 U.S. Dist. LEXIS 121022, at *4 (E.D. Cal. July 10, 2024) (good cause may be demonstrated
16  "by (1) diligently assisting court in creating a workable Rule 16 order; (2) explaining why
17  circumstances beyond that party's control prevented compliance; and (3) promptly and diligently
18  seeking to amend the scheduling order." (internal citations omitted)).
19      V.     Discussion
20          Although plaintiff filed the request to modify the scheduling order in advance of the cut-
21  off for non-expert discovery, he has not established good cause for extending the non-expert
22  discovery cut-off by two months, much less extending all pending deadlines in the discovery and
23  scheduling order by two months.
24          Almost six months ago, plaintiff's counsel, jointly proposed the current scheduling order.
25  ECF No. 31.  The court then issued the scheduling order on November 22, 2024.  ECF No. 34.
26  Plaintiff knew from the outset that he would at a minimum be deposing each of the defendants in
27  this case.  Yet, he waited until February 14, 2025, a little less than two months before the close of
28  non-expert discovery, to request deposition dates for the defendants.  And he only did so after he

was prompted to by defense counsel's request for deposition dates for plaintiff's potential witnesses. Plaintiff now complains that defense counsel provided March 25, 2025, April 2, 2025, April 10, 2025, and April 11 as the dates for defendants' depositions, causing two depositions to take place right at the non-expert discovery cut-off, providing no time for him to seek additional discovery identified during those depositions. See ECF No. 39 at 3. However, that is not exactly what happened. Defendants provided depositions dates of March 25, April 1, 2, 3, 9, 10, and 11. ECF No. 43-2 at 9. Plaintiff then proceeded to choose two of the latest dates provided, despite earlier alternatives, and did not even notice the depositions until two weeks later. Id. at 8. Additionally, instead of raising his concerns regarding the timing of these depositions and trying to arrange for earlier depositions, plaintiff waited until three weeks before the cut-off for non-expert discovery to complain, via motion. The time to diligently address these issues was back in February when the proposed dates were provided, or even earlier had plaintiff diligently requested dates for defendants' depositions in December or even January. Accordingly, an extension or modification of the scheduling order on the basis of the timing of defendants' depositions is denied.

To the extent plaintiff seeks a modification to the discovery and scheduling order to complete non-party Officer Johnson's deposition, such request is similarly denied. Plaintiff has known since at least November 15, 2024 that Officer Johnson was the control officer in A Facility 3 Block on the day of the incident. See ECF No. 43-2 at 35, Lompa Decl. Exhibit H. Plaintiff's counsel has provided no explanation for waiting until March 20, 2025, three weeks before the close of non-expert discovery, to subpoena Officer Johnson. Moreover, it appears that defense counsel has already agreed to work with plaintiff to find a date for Officer Johnson's deposition prior to the close of non-expert discovery, on April 11, 2025. Accordingly, an extension or modification of the scheduling order is not warranted on this basis.

Plaintiff also complains that an extension is necessary because defense counsel has delayed producing requested discovery and key witnesses until just before the discovery cut-off. ECF No 39-2 at 5. The court recognizes that not all of defense counsel's responses were timely. For example, it appears the video surveillance footage was likely requested on January 15, 2025,

with plaintiff's first request for production,[1] but was not provided until March 5 and 6. See Fed. R. Civ. P. 34(b)(2)(A) (the party to whom a request for production "is directed must respond in writing within 30 days after being served"). And post orders and training recordings, also likely requested on January 15, 2025, were not produced until March 19, 2025. However, plaintiff fails to state how these delays have impacted his ability to reasonably meet the current discovery deadlines such that a two-month extension of *all* pending deadlines is warranted. The same is true of all other delays identified, especially since it appears all discovery requested as of the date of this motion has been provided or will be provided by the current non-expert discovery cut-off.

To the extent plaintiff asserts an extension is necessary due to an alleged violation of Rule 26(a), he is wrong. Defendants were not required to disclose the names of two additional witnesses in the video surveillance footage with their Rule 26(a) initial disclosures because defendants do not intend to call these witnesses for their defense. See Fed. R. Civ. P. 26(a)(1)(A)(i) ("a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"); Lopez v. State Farm Lloyds, No. EP-24-CV-00054-KC, --- F.R.D. ----, 2025 WL 679 WL 679422 (W.D. Tex. Feb. 26, 2025) (holding that defendants did not fail to comply with Rule 26(a)(1)(A)(i) by not disclosing Jensen in their initial disclosures because "Jensen is not a party that [defendant] intends to use to support its claims and defenses in this litigation.").

Plaintiff has, however, established good cause for a limited modification of the discovery and scheduling order due to the delay in producing the video surveillance, which revealed two additional witnesses. Accordingly, the court will grant a limited extension of the non-expert discovery cut-off until May 9, 2025, only for the limited purpose of allowing plaintiff to conduct

---

[1] There is no evidence in support of or opposition to this motion that addresses the exact date that plaintiff requested the video surveillance. However, because other requests are described in detailed by date, the court assumes that this request was likely included with plaintiff's first request for production, which is why plaintiff argues it was untimely and defendant does not dispute that it was not provided in a timely fashion in the first instance.

9

these two additional depositions.  Such depositions must be set for dates and times for which defense counsel is available to participate.

VI.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 39) is GRANTED in part and DENIED in part.

2. Good cause appearing, the court grants a limited extension of the non-expert discovery deadline until May 9, 2025.  Plaintiff may depose the two additional witnesses identified in the video surveillance produced by defendants by May 9, 2025.  If these depositions are scheduled, they must be scheduled for dates and time for which defense counsel is available to participate.

3. At this time, plaintiff has failed to establish good cause for modifying any of the other discovery and scheduling order deadlines.  Except for the limited extension granted above, all other deadlines previously set by this court, see ECF No. 34, remain the same.

DATED: April 7, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE