1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERTO ROJAS, by and through his            No.  2:21-cv-1086 DAD AC P
     guardian ad litem, SERGIO ROJAS,
11
                    Plaintiff,
12
            v.                                    ORDER
13
     CALIFORNIA DEPARTMENT OF
14   CORRECTIONS AND
     REHABILIATION, et al.,
15
                    Defendants.
16

17          Plaintiff Roberto Rojas is a state prisoner proceeding by and through his guardian ad

18   litem, with counsel, in this civil rights action.  Pending before the court are plaintiff's motions to

19   compel discovery and both parties' motions for sanctions.  ECF Nos. 53-56.  For the reasons

20   stated below, the court will grant plaintiff's motions to compel in part and defer ruling on other

21   matters pending additional meet and confer efforts.  The court will also defer ruling on the

22   requests for sanctions.

23      I.      Background

24          A.  Nature of the Action and Factual Disputes

25          This case proceeds on two set of claims: (1) against defendants Cary, Saso, and Walik for

26   negligence, deliberate indifference to plaintiff's safety and serious medical needs, and violation of

27   the Bane Act, all based on their responses to the attack on plaintiff by his cellmate; and (2)

28   against defendants Cary and Ng for negligence, deliberate indifference to plaintiff's safety and

                                            1

serious medical needs, and violation of the Bane Act, based on plaintiff's cell assignment.  ECF No. 27 at 6.  The parties agree that the factual disputes include: (1) whether defendant Ng exercised reasonable care in approving the new cell assignment for plaintiff; (2) whether defendants Cary, Saso, and Walik exercised reasonable care in responding to the attack; and (3) whether defendants Cary, Saso, and Walik exercised reasonable care in providing medical treatment to plaintiff following the attack.  ECF No. 59 at 2; ECF No. 60 at 2.

B. Procedural Background

On January 15, 2025, plaintiff served Interrogatories, Set One, and Demand for Production of Documents Directed at Defendants, Set One.  ECF Nos. 53 at 2; ECF No. 53-2 at 5-10, 12-16; ECF No. 54 at 2; ECF No. 54-2 at 5-10.  On February 18, 2025, defendants provided some responses to plaintiff's interrogatories and requests for production.  ECF No. 53-2 at 18-28, 30-38; ECF No. 54-2 at 12-25; ECF No. 61-1 at ¶¶ 3-5.  Defendants did not produce the video surveillance of the incident, which was requested on January 15, 2025, until March 5, 2025, and only after plaintiff's counsel once again demanded it.  ECF No. 61-1 at 2.

Because several discovery requests were still outstanding, on March 11, 2025, plaintiff's counsel sent defendants' counsel a meet and confer letter seeking to compel further responses to:

- Defendant Cary's Interrogatories Nos. 1, 6-10, 14-16, 19, 22-24;

- Defendant Ng's Interrogatories Nos. 2-6, 8-9, 16, 19;

- Defendant Walik's Interrogatories Nos. 8-9, 14-15, 20, 22;

- Defendant Saso's Interrogatories Nos. 2, 8-9, 14-15; and

- Requests for Production of Documents ("RFPs"), Set One, Nos. 1-3, 6-12, 14-27.

ECF No. 53-2 at 40-45; ECF No. 54-2 at 27-32.  The letter stated that "this is our meet and confer effort prior to bringing a motion to compel further responses."  ECF No. 53-2 at 40; ECF No. 54-2 at 27.

On March 19, 2025, six days before the commencement of the correction officers' depositions, the defense produced 354 pages of CDCR records.  ECF No. 61-1 ¶ 6.  On March 21, 2025, four days before the depositions provided an additional 1425 pages of discovery.  Id. ¶ 7. And on March 24, 2025, one day before the start of the officers' depositions, an additional 212

1    pages of records were produced.  Id. ¶ 8.

2           On March 31, 2025, defendants' counsel sent a letter stating that it was their "good faith

3    effort to respond to [plaintiff's] March 11, 2025, letter regarding Defendants' responses to

4    Plaintiff's interrogatories and requests for production."  ECF No. 53-2 at 47-61; 54-2 at 34-48.

5           On April 3, 2025, during defendant Cary's deposition, defense counsel informed

6    plaintiff's counsel that the "logbook" that was sought in written discovery was "missing."  ECF

7    NO. 61-1 ¶ 10.  Defendants' counsel agreed to allow five interrogatories, which were not

8    discussed or agreed upon at a meet-and-confer telephone conference, and refused to produce a

9    PMK witness.  Id. ¶ 12.

10          On May 2, 2025, plaintiff's and defendants' counsel met and conferred over the telephone

11   to further discuss discovery requests.  ECF No. 60 at 1.  Despite their efforts, they were unable to

12   resolve their disputes.

13          During the depositions of two inmates on May 7 and 8, 2025—depositions which were

14   specifically approved by the court, and for which the discovery deadline was extended due to

15   defendants' failure to have timely identified the witnesses, ECF No. 46 at 9-10—plaintiff learned

16   that these key witnesses had been interviewed by CDCR "internal affairs" after the incident and

17   that at least one such interview was videorecorded.  ECF No. 61-1 ¶¶ 17-20.

18          On May 7, 2025, plaintiff's counsel sent defense counsel a letter regarding Walik's, Ng's,

19   and Saso's Interrogatories No. 7, Cary's Interrogatory No. 9, and RFP No. 30.  ECF No. 53-2 at

20   78.  The letter indicates "[t]his is our meet-and-confer effort."  Id.  That same day, defendants'

21   counsel responded via email that they received the letter and were looking into the issue

22   concerning interviews conducted by ISU related to this case.  ECF No. 53-2 at 79.

23          On May 16, 2025, defendants informally produced a video interview of one witness,

24   Harold Harvey, and asserted it was the "only recorded interview."  ECF No. 61-1 ¶ 22.  The

25   response did not indicate whether other interviews had been conducted that were not recorded via

26   video, and did not produce any other interview records.  Id. ¶ 23.

27          On May 16, 2025, plaintiff timely filed motions to compel further responses to plaintiff's

28   interrogatories and requests for production.  ECF Nos. 53, 54.  On May 20, 2025, the parties met

1  and conferred regarding some past discovery issue, such as a missing logbook, and additional

2  discovery issue that came to light earlier that month.

3       C.  <u>Motions to Compel</u>

4      Plaintiff's motions seek further responses to the following requests:

5      • Defendant Cary's Interrogatories Nos. 7-9, 14, 20-21;

6      • Defendant Ng's Interrogatories Nos. 2, 7-8; and

7      • RFP Nos. 2-3, 6, 26-27, 30.

8  <u>Id.</u>  Plaintiff also seeks $2,000 in sanctions against defendants and their attorneys for the cost of

9  bringing the motion on grounds that defendants opposition is not substantially justified.  ECF

10  Nos. 53-1 at 11; ECF No. 53-2 at 2-3; ECF No. 54-1 at 12; ECF No. 54-2 at 2-3.

11      Defendants have filed oppositions to both motions.  ECF Nos. 55, 56.  In both, defendants

12  argue that the motions should not be heard because plaintiff's counsel failed to comply with the

13  Court's rules and orders regarding the meet and confer process.  ECF No. 55 at 6-7; ECF No. 56

14  at 6-7.  Alternatively, defendants argue that if the court is willing to hear plaintiff's motions to

15  compel, the court should entertain only those requests for which there was a live meet and confer,

16  and that the motions be denied.  ECF No. 55 at 7-8; ECF No. 56 at 7-8.  Defendants further argue

17  that they are entitled to sanctions because plaintiff's counsel failed to comply with the live meet

18  and confer requirement for most items in his motion to compel, and because defendants'

19  responses and objections were substantially justified.  ECF No. 55 at 10; ECF No. 56 at 8-9.

20  Defendants seek "an award of sanctions in the amount of $10,545.00 to compensate them for the

21  expense of responding to Plaintiff's improper motion."  ECF No. 55 at 10; ECF No. 56 at 9.

22      Plaintiff replies that defense counsel "has repeatedly withheld information and belatedly

23  disclosed documents and information only after being threatened with a motion to compel," ECF

24  No. 61 at 1; ECF No. 62 at 1, and has provided inaccurate statements regarding the discovery

25  issues.  ECF No. 61 at 4-5; ECF No. 61-1 ¶ 30; ECF No. 62-1 ¶ 25.  Plaintiff's counsel asserts

26  that the discovery issues were both discussed generally and specifically on multiple occasions,

27  ECF No. 61 at 5; ECF No. 61-1 ¶ 29; ECF No. 62-1 ¶ 24, and that defendants' counsel

28  inaccurately claims that they voluntarily offered to allow plaintiff's counsel to depose two

1  additional witnesses after the close of discovery.  ECF No. 61 at 4; ECF No. 62 at 3.  Plaintiff

2  points out that the court extended the discovery deadline for the purpose of deposing these two

3  additional witnesses after finding that their identification had been belatedly disclosed by

4  defendants.  ECF No. 61 at 4; ECF No. 61-1 ¶ 17; ECF No. 62-1 ¶ 12.  Additionally, plaintiff

5  argues that during the deposition of these two additional witnesses, it became apparent that

6  defense counsel was withholding additional information, records, and identification of witnesses

7  pertaining to this case that should have been disclosed and/or produced but were not.  ECF No. 61

8  at 4-5; ECF No. 61-1 ¶¶ 18-20, 25; ECF No. 62-1 ¶ 12.  Lastly, plaintiff indicates that he will

9  seek to amend the complaint based on what has come to light, and that the amended complaint

10 will include a failure to train claim.  ECF No. 61-1 ¶ 45; see also ECF No. 61-1 at 1 (May 20,

11 2025 meet and confer follow up letter).

12        II.      Legal Standards

13               A.  Federal Rules of Civil Procedure

14        The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.

15 Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or

16 defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within

17 this scope of discovery need not be admissible in evidence to be discoverable."  Id.  The court,

18 however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

19 from some other source that is more convenient, less burdensome, or less expensive;" or if the

20 party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

21 or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P.

22 26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's buff and

23 more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,"

24 United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to

25 narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501

26 (1947).

27        A party may propound interrogatories and request production of documents relating to any

28 matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a), 34(a).  A responding party,

1    to the extent it is not objected to, must answer an interrogatory to "fully in writing under oath."

2    Any objection "must be stated with specificity."  Fed. R. Civ. P. 33(b)(3)-(4).

3          Under Federal Rule of Civil Procedure 37, a motion to compel may be made if "a party

4    fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or

5    fails to respond that inspection will be permitted . . . as requested under Rule 34."  Fed. R. Civ. P.

6    37(a)(3)(B)(iii)-(iv).  The party seeking to compel discovery has the burden of showing that the

7    discovery sought is relevant or that its denial will cause substantial prejudice.  Hallett v. Morgan,

8    296 F.3d 732, 751 (9th Cir. 2002).  The opposing party is "required to carry a heavy burden of

9    showing why discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.

10   1975).

11         A party who prevails on a motion to compel is entitled to its expenses, including

12   reasonable attorney fees, unless the losing party was substantially justified in opposing the motion

13   or other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5).  Conversely, a party

14   who successfully opposes a motion to compel is entitled to recover "its reasonable expenses

15   incurred in opposing the motion, including attorney's fees" unless "the motion was substantially

16   justified or other circumstances make an award of expenses unjust."  Id.  "The party seeking fees

17   bears the burden of documenting the hours expended in the litigation and must submit evidence

18   supporting those hours and the rate claimed."  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945-

19   46 (9th Cir. 2007).  Recovery should not exceed the expenses and fees that were reasonably

20   necessary to resist the offending action.  Id. at 1185.

21              B.  Local Rules and Magistrate Judge's Standing Order

22         Local Rule 251(b) requires that the parties meet and confer prior to filing

23   a motion to compel discovery.  E.D. Cal. L.R. 251(b).  The Standing Orders of the undersigned

24   U.S. Magistrate Judge provide that the undersigned "strictly enforces meet and confer

25   requirements" and that "[w]ritten correspondence between the parties, including email, is

26   insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b).  Prior to

27   the filing of a Joint Statement, the parties *must confer in person or via telephone or video

28   conferencing in an attempt to resolve the dispute*."  See https://www.caed.uscourts.gov/caednew/

1  assets/File/Judge Claire Standing Orders (updated March 2023).pdf.

2  III.  <u>Discussion</u>

3        A.  <u>Failure to Meet and Confer</u>

4            It is unclear whether the parties have adequately satisfied the meet and confer

5  requirements established by the local rules and the undersigned's standing order with respect to

6  all discovery disputes raised in plaintiff's motions to compel.  Defendants represent that the

7  parties did not meet and confer in person or via telephone or video conference regarding

8  defendant Cary's Interrogatories Nos. 8, 9, 20, and 21, defendant Ng's Interrogatories Nos. 7 and

9  8, and RFP Nos. 2, 6, 26-27, 30.  ECF No. 55 at 4.  Plaintiff responds that the parties discussed

10 the discovery issues "generally and specifically on multiple occasions" and that "[t]his subject of

11 this discovery was discussed on numerous occasions both in person, on the phone, and in

12 writing."  ECF No. 61-1 ¶¶ 29, 47.[1]

13           First, although plaintiff states the parties met and conferred about all issue of dispute

14 multiple times, he does not provide specifics of when each discovery issue regarding the

15 interrogatory or RFP items identified in the motion to compel were discussed in accordance with

16 Local Rule 251(b) and this court's standing order.  Second, none of plaintiff's meet and confer

17 letters identify defendant Cary Interrogatories Nos. 20 and 21 as discovery issues necessitating a

18 meet and confer.  <u>See</u> ECF No. 53-2 at 40-45; <u>id.</u> at 47-61; <u>id.</u> at 78; ECF No. 61-1 at 121-123.

19 Even if they had, plaintiff—the moving party—still fails to specifically state when the parties met

20 and conferred in compliance with Local Rule 251(b) and this court's standing order with respect

21 to these two interrogatories.  Third, although plaintiff's March 11, 2025, and May 7, 2025, meet

22 and confer letters *do* identify discovery disputes with respect to defendant Cary's Interrogatories

23 Nos. 8 and 9, defendant Ng's Interrogatories Nos. 7 and 8, and RFPs Nos. 2, 6, 26-27, 30, absent

24 a more specific statement from plaintiff's counsel, it appears the parties *did not* actually discuss

25 these items during their May 2, 2025, telephonic meet and confer, or any other time before the

26 _____

27 [1]  It is not clear whether plaintiff's counsel is referring to Cary Interrogatories Nos. 20 and 21 only or all discovery disputes at issue in the motion to compel.  <u>See</u> ECF No. 61-1 ¶¶ 46, 47.  For purposes of ruling on these motions, the court will assume plaintiff was referring to all discovery

28 disputes at issue in the motions to compel (ECF Nos. 53, 54).

filing of the motion to compel or joint statement.  Accordingly, with respect to these nine items, it appears the parties may have failed to comply with Local Rule 251(b) and the undersigned's standing order.

Because it is contested whether the parties met and conferred on all the items identified in the preceding paragraph, and because further meet and confer efforts may resolve some of the issues presented to the court, ruling on these items will be deferred.  Cf. Akkawi v. Sadr, 2022 WL 2442234 at *1, 2022 U.S. Dist. LEXIS 117499, at *3 (E.D. Cal. July 5, 2022) (when a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing). The parties are directed to meet and confer **within fourteen days** of the date of this order, regarding defendant Cary's Interrogatories Nos. 8, 9, 20, and 21, defendant Ng's Interrogatories Nos. 7 and 8, and RFP Nos. 2, 6, 26-27, 30.  **Within 48 hours** of concluding the meet and confer, plaintiff will be required to file a notice informing the court which (if any) of these issues are now moot or have been narrowed and which (if any) continue to require a court ruling.

        B.  Adequacy of Defendants' Responses to Interrogatories

              i.  Cary Interrogatory No. 7

**Cary Interrogatory No. 7:** "Identify when (DATE AND TIME) YOU considered any factors in the approval process of the cell transfer of ROBERTO ROJAS into the cell occupied by EUGENE CLAPPS."

**Defendant Cary's Response to Interrogatory No. 7:** Defendant objects to this interrogatory on the grounds that, as used in this interrogatory, the word "factors" is ambiguous and impermissibly vague.  Without waiving the foregoing objection, Defendant responds as follows: I was not the person who approved the cell move.

Plaintiff argues that the word "factors" has been used extensively in this litigation and plainly refers to factors like race compatibility, gang affiliation, mental health, and prior offenses, which are considered by prison officials prior to authorizing cell transfers.  ECF No. 53 at 5. Plaintiff also argues that defendant Cary's response does not answer the question.  Id.  The interrogatory does not ask who is responsible for approval of the cell move, but rather, when—if ever—Cary considered any of the case factors related to the approval process.  Id.  Plaintiff argues that because the SOMS keeps a record of when something is accessed, Cary should be required to provide an answer with the date and time he considered the factors or, in the

1  alternative, affirmatively state that he did not consider any factors in the approval process.

2      Defendant responds that (1) there is no specific understanding among the parties as what

3  "factors" refers to in this case; (2) the interrogatory is fatally flawed because it is based on a false

4  assumption that Cary considered "factors" and approved plaintiff's request for a bed move; and

5  (3) Cary was deposed and provided extensive testimony about the information gathered before he

6  submitted plaintiff's request to Ng for approval.  ECF No. 55 at 7.

7      In reply, plaintiff argues that the Department Operational Manual and the Supplemental

8  Manuel for CSP-Sac require officers involved in cell moves to review factors, some of which

9  defendant Cary has testified he reviewed.  ECF No. 61 at 6.  Plaintiff also states the approval

10  process involved both Cary and Ng, and that the interrogatory is not asking date and time of when

11  Cary approved the bed transfer but rather date and time that he considered any factors in the

12  approval process.  Id.

13      Plaintiff's arguments are well taken.  The term "factors" is not vague because the

14  Departmental Operational Manual and Supplemental Manual provide a list of factors that officers

15  are required to review before a bed or cell transfer, and Cary and Ng both testified regarding what

16  factors or items are looked at to approve a cell transfer.  See ECF No. 61-1 at 4 (plaintiff's

17  counsel declaration in support of reply, ¶ 4); 126-131 (excerpt from Ng deposition transcript); Id.

18  at 136 (excerpt from Cary deposition transcript).  Additionally, the interrogatory does not ask that

19  Cary identify the date and time when he considered factors in "*approving*" the cell transfer.

20  Instead, the interrogatory seeks information about date and time that Cary *considered any*

21  *information* related to the bed transfer *approval process*, as he was involved in the approval

22  process even if he did not make the final decision.  Moreover, the fact that Cary was deposed

23  regarding some of this information, three months after the interrogatories were served, does not

24  relieve him of the obligation to respond to this interrogatory with the specific information

25  requested, especially where he has testified that SOMS keeps records of when something is

26  accessed.[2]

27

28  _____

[2]  The court notes that in response to other interrogatories and RFPs concerning records accessed
or information considered, defendants referred plaintiff to 2,000 plus pages of SOMS records,

1    Accordingly, Cary will be required to provide further responses to Interrogatory No. 7.

2    Specifically, Cary is required to review the files and provide the date and time that he accessed

3    SOMS to review any information considered by him as part of the cell transfer approval process,

4    even if he did not make the final decision approving the cell transfer.

5                    ii.    Cary Interrogatory No. 14

6            **Cary Interrogatory No. 14**: Set forth all training or education YOU
             received prior to February 2020 regarding the procedures for transferring
7            an inmate from one cell to a double-bunk cell (or two inmate cell) with a
             cell mate already occupying the cell.
8
             **Defendant Cary's Response to Interrogatory No. 14**: "My training
9            regarding procedures for cell moves has been on-the-job."

10   Plaintiff argues that this response is evasive and incomplete because it explains the

11   manner in which the training was provided but not what the training was.  ECF No. 53 at 7.

12   Defendant responds that he reasonably interpreted this interrogatory to seek a list of names or

13   titles of coursework, seminars, or other formal training relate to procedures for bed moves; had he

14   taken any such classes, he would have identified them; the trainings would also be listed in Cary's

15   training file, which was produced at AGO 4522 – AGO 4616; and if this information was truly

16   relevant, plaintiff's counsel could have raised these questions during Cary's deposition, which

17   took place two weeks after Cary provided a response to this interrogatory.  ECF No. 55 at 8.

18   Plaintiff argues in reply that Interrogatory No. 14 requires more than a general answer, and

19   accordingly Cary should be required to set forth information regarding who trained him, when he

20   was trained, and what he was trained about, even if it was on-the-job training.

21   As an initial matter, the court does not agree with defendant that failure to raise the issue

22   at the defendant's deposition necessarily means the issue is irrelevant.  There are many reasons

23   why it may not have come up.  As plaintiff argues, the request does not ask Cary to set forth all

24   "formal" training; it asks him to "[s]et forth *all* training or education YOU received" regarding

25   _____

26   ECF No. 53-2 at 23 (responses to Interrogatory Nos. 20, 21); ECF No. 59 at 9 (response to RFP
     No. 3), and in response to the plaintiff's motions to compel, defendants provided a SOMS
27   Activity Log, which they claim is detailed, ECF No. 55 at 14, but do not attach.  To the extent
     there is overlap in the information, the court finds that these responses are insufficient to satisfy
28   the defendants obligation to respond to defendant Cary's Interrogatory No. 7.

the subject matter identified.  A response regarding how he was trained and producing his training file are insufficient in response to this specific interrogatory.

Accordingly, Cary will be required to provide further responses to Interrogatory No. 14, setting forth "all trainings or education" he received regarding the subject matter identified, and explaining what "on-the-job" training he received "regarding the procedures for transferring an inmate from one cell to a double-bunk cell (or two inmate cell) with a cell mate already occupying the cell," when he received these trainings, and from who he received them.  To the extent that Cary did not receive any training with respect to these procedures, he must respond accordingly.

### iii.  Ng's Interrogatory No. 2

**Ng Interrogatory No. 2**: Identify all documentation (regardless of storage medium (i.e., SOMS, paper, etc.) of factors YOU considered when approving the transfer of ROBERTO ROJAS in the cell occupied by EUGENE CLAPPS."

**Defendant Ng's Response to Interrogatory No. 2**: Defendant objects to this interrogatory on the grounds that, as used in this interrogatory, the phrase 'documentation…of factors YOU considered' is ambiguous and impermissibly vague.  Without waiving the foregoing objection, Defendant responds as follows: Documents showing that both inmates were racially-eligible for double celling and had no enemy concerns were contained in the SOMS and ERMS files as relayed to me by Officer Cary and previously provided with Defendants' initial disclosures.

Plaintiff argues that the language "documentation of factors YOU considered" is not vague or ambiguous, because "the whole theory of this case is that defendant failed to follow proper procedures in approving the cell transfer and, as a result, [plaintiff] was severely injured by EUGENE CLAPPS."  ECF No. 53-1 at 9.  Plaintiff further argues that "[i]f defendant [Ng] did access SOMS as claimed, then there should be documentation that supports that claim."  Id.

Defendant responds that Ng Interrogatory No. 2 is fatally flawed because it is based on an incorrect assumption of fact that Ng reviewed documentation before approving the cell transfer.  ECF No. 55 at 9.  Ng did not review documentation; he relied on information gathered by and relayed to him by Cary.

In reply, plaintiff argues that Ng has not identified any documentation of factors he considered when approving the transfer, and that defendants have only produced SOMS records

1   reflecting access to records on 2/16/20 for Officer Cary.  ECF No. 61 at 8.  In the relevant facts

2   section of the reply, plaintiff represents that Ng testified during his deposition that he "approved"

3   plaintiff's cell transfer in the "computer," but then recanted his earlier testimony after he spoke to

4   Sergeant Martinez, at the direction of his counsel, during a deposition break.  Id. at 5.

5          The discovery responses before the court indicate that Ng did not enter information into

6   SOMs regarding his approval, and that only Cary accessed SOMS before Ng made the decision to

7   approve the transfer.  Although plaintiff claims Ng testified otherwise, no deposition excerpt or

8   other information supporting this statement has been provided.  That said, the court agrees that

9   Ng's response is nonresponsive.

10          Accordingly, the court will require a further response from Ng clearly stating whether

11   there exists "any documentation (regardless of storage medium (i.e., SOMS, paper, etc.)) of

12   factors he considered when approving the transfer of ROBERTO ROJAS in the cell occupied

13   EUGENE CLAPPS."  If such documents exist, he should identify them with specificity.   If not,

14   he should clearly state he did not review or consider any documentation, including any records in

15   SOMS, of factors before approving plaintiff's bed transfer.

16          C.  Adequacy of Defendants' Response to RFP No. 3

17          **RFP No. 3:** Produce any and all SOMS records, regardless of medium,
18          reflecting the assessment and approval of cell transfer of Roberto Rojas
            into the cell of Eugene Clapps on February 16, 2020.

19          **Defendant's Response to RFP No. 3:** Defendants object to this Request
20          for Production of Documents on the grounds that the word "assessment" as
            used in this context is impermissibly vague and ambiguous. Defendants
21          also object on the grounds that this Request for Production of Documents
            is duplicative of Request for Production of Documents number 2 and
22          appears to be compound insofar as it seeks documents related to an
            "assessment" and documents related to approval of the cell move. Without
23          waiving the foregoing objections, Defendants respond as follows: All
            documents responsive to this request were produced on December 4, 2024.

24          Plaintiff argues that this RFP is not vague or ambiguous.  "Plaintiff is requesting that

25   defendants produce records that would reflect the specific process of approving the cell transfer

26   of [plaintiff] into the cell of EUGENE CLAPPS."  ECF No. 54 at 6; ECF No. 59 at 7.  Plaintiff

27   states that he has learned there are certain protocols for reviewing and approving cell transfers

28

12

1    that requires accessing and reviewing certain records, that plaintiff has alleged defendants did not

2    follow these procedures, that defendants' response "does not outline which records from the

3    December 4, 2024 disclosures are responsive," that "[i]f these documents exist, defendants are

4    obligated to produced them," and "[i]f they do not exist, defendant should be compelled to give a

5    clear statement that there are no documents responsive to this demand."  ECF No. 54-1 at 7.

6         Defendants respond that the request is unclear, plaintiff's explanation of why the request

7    was made indicates plaintiff is seeking evidence that is not relevant to his claims because there is

8    no private right of action to enforce an administrative regulation; "to the extent that the SOMS

9    records can be said to reflect the 'specific process of approving the cell transfer,' SOMS records

10   were produced on December 4, 2024 at AGO 0967 – AGO 2576 and AGO 3339 – AGO 4355;

11   and "as a courtesy, SOMS Activity Detail Logs showing Defendant Cary's access of the SOMS

12   system for records related to Plaintiff and inmate Clapps on February 16, 2020, were generated

13   and produced to Plaintiff on May 29, 2025."  ECF No. 56 at 7-8; ECF No. 59 at 8-9.

14        Plaintiff contends that operational manual requirements are relevant to his causes of

15   action.  ECF No. 62 at 6.  Also, the fact that defendants were able to produce "courtesy" SOMS

16   records for defendant Cary, which are heavily redacted, but not Ng suggests that SOMS records

17   have not been produced.  Id.

18        The court rejects defendants' arguments.  The term "assessment" in this context is not

19   vague or ambiguous.  Assessment refers to whatever evaluation led to the approval of the cell

20   transfer.  Additionally, whether defendants followed an established procedure or failed to do so is

21   relevant to the questions whether they acted with deliberate indifference and/or reasonable care in

22   approving the cell transfer.  Relevance is not defeated by the fact that violation of policies and

23   procedures does not support an independent cause of action.

24        Accordingly, defendants will be required to provide further responses to RFP No. 3.

25   Defendants must identify the specific February 16, 2020, SOMS records that reflect the records

26   defendants reviewed as part of the assessment and/or evaluation, the assessment and/or evaluation

27   done to approve the cell transfer, and the approval of the cell transfer.  If some records exist,

28   defendants must identify those records with specificity and assert no other responsive records

13

1    exists.  If no responsive records exist, defendants must clearly and unambiguously state so in

2    response to RFP No. 3.

3        IV.    Sanctions

4            With respect to Cary Interrogatories Nos. 7, 14, Ng's Interrogatory No. 2, and RFP No. 3,

5    the court finds that defendants were not substantially justified in opposing plaintiff's motions.

6    Accordingly, sanctions against defendants may be warranted.  However, because several

7    discovery disputes remain and the court is deferring ruling on those issues to a future date, the

8    court will also defer ruling on the parties' motions for sanctions.

9            The parties are reminded of their obligation to meet and confer in good faith.  Should the

10    parties fail to meet and confer in good faith about the remaining issues, and/or should any

11    continued failure to produce or to supplement lack substantial justification, the court will consider

12    sanctions.

13        V.    Conclusion

14        For the reasons set forth above, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's motion to compel further interrogatory responses (ECF No. 53) is

16    GRANTED IN PART as follows:

17                a.  Defendant Cary shall provide further responses to Interrogatories Nos. 7

18                    and14, as set forth above.

19                b.  Defendant Ng shall provide further responses to Interrogatory No. 2 as set

20                    forth above.

21                c.  The court DEFERS ruling on Cary Interrogatories Nos. 8, 9, 20, and 21, and

22                    Ng Interrogatories Nos. 7 and 8.

23                d.  **Within fourteen days** from the date of this order, the parties must meet and

24                    confer as specified above regarding the outstanding disputes.  **Within 48**

25                    **hours** of concluding the meet and confer, plaintiff shall file a notice informing

26                    the court which, if any, of these issues are moot and which, if any, continue to

27                    require a court ruling.

28

2.  Plaintiff's motion to compel further responses to requests for production (ECF No. 54) is GRANTED IN PART as follows.

      a.  Defendants shall provide further responses to RFP No. 3 as set forth above.

      b.  The court DEFERS ruling on RFP Nos. 2, 6, 26-27, and 30.

      c.  **Within fourteen days** from the date of this order, the parties must meet and confer regarding the outstanding discovery disputes.  **Within 48 hours** of concluding the meet and confer, plaintiff shall file a notice informing the court which, if any, of these issues are moot and which, if any, continue to require a court ruling.

3.  The court DEFERS ruling on all requests for sanctions.  Should the parties fail to meet and confer in good faith as directed herein, and/or should any continued failure to produce or to supplement lack substantial justification, the court will consider sanctions.

4.  No further briefing should be submitted unless authorized or requested by the court.

DATED: June 11, 2025

*(signature)*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15