1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO ROJAS, by and through his          No.  2:21-cv-1086 DAD AC P
     guardian ad litem, SERGIO ROJAS,
12
                     Plaintiff,
13                                               ORDER AND FINDINGS AND
              v.                                 RECOMMENDATIONS
14
     CALIFORNIA DEPARTMENT OF
15   CORRECTIONS AND
     REHABILIATION, et al.,
16
                     Defendants.
17

18

19          Plaintiff Roberto Rojas is a state prisoner proceeding by and through his guardian ad litem

20   in this civil rights action.  Plaintiff's motion to file a first amended complaint, ECF No. 70, came

21   before the court for hearing on August 27, 2025.  ECF No. 79.[1]

22       I.      Background

23          On March 11, 2021, plaintiff filed suit against the State of California, the California

24   Department of Correctional Rehabilitation ("CDCR"), and several individual correctional officers

25   and Doe defendants alleging that they were negligent and deliberately indifferent to his safety and

26   medical needs when they placed him with a violent cellmate who attacked plaintiff causing

27

28   [1] Plaintiff concurrently filed a motion to modify the discovery and scheduling order.  ECF No.
     69.  An order addressing that motion will be issued separately, but concurrently with this order.

                                               1

serious injuries and leaving him in a permanent vegetative state.  ECF No. 1 at 7-22.  The case was removed from the Sacramento County Superior Court to this court.  Id.

On October 30, 2023, the court screened the complaint and ordered that the case proceed on claims of deliberate indifference to plaintiff's safety and deliberate indifference to his medical needs in violation of the Eighth and Fourteenth Amendments against defendants Cary, Ng, Saso, Walik, and Does 11-50; and supplemental state law claims of negligence and a Bane Act violation under California Civil Code § 52.1 against defendants Cary, Ng, Saso, Walik, the State of California, the CDCR, and Does 1-50.  ECF No. 11 at 5.  The court recommended that all claims against California State Prison – Sacramento ("CSP-Sac") as well as the Eighth and Fourteenth Amendment claims against the State of California, the CDCR, and Does 1-10 be dismissed without leave to amend.  Id. at 6.  The district judge adopted these recommendations in full.  ECF No. 22.

On November 29, 2023, defendants filed a motion to dismiss.  ECF No. 12.  That motion was granted as to plaintiff's claim against (1) defendants State of California and CDCR, without leave to amend, to the extent those claims are based on the attack by plaintiff's cellmate; (2) defendant Ng, with leave to amend, to the extent those claims are based on the response to the attack; and (3) defendants Walik and Saso, with leave to amend, to the extent those claims are based on plaintiff's cell assignment.  ECF No. 27 at 6.  Plaintiff's motion to dismiss was otherwise denied.  Id.  With respect to the claims against defendant Walik based on plaintiff's cell assignment, the court explained that "[b]ecause plaintiff specified certain defendants by name in describing the events giving rise to his claims in this action, plaintiff's omissions of the other defendants in those allegations certainly appears to the court to be intentional and indicative that those omitted defendants were not involved in those particular events."  Id. at 4.  Plaintiff was given thirty days to either file a FAC or a notice of intent not to file a FAC and proceed only on the claims found to be cognizable.  Id. at 7.  Plaintiff filed a notice of intent not to file a FAC.  ECF No. 28.

After defendants filed an answer, the court issued a discovery and scheduling order.  ECF No. 34.  Discovery has been contentious.  See ECF Nos. 39, 49, 50, 53, 54, 55, 56.

On May 7, 2025, plaintiff's counsel deposed inmate Harvey regarding the February 16, 2020, incident between plaintiff and inmate Clapps.  ECF No. 70-2 at 5.  On May 20, 2025, plaintiff's counsel sought a stipulation to the filing of an amended complaint.  ECF No. 73-1 at 32.  Plaintiff sought to add a failure to train claim against the warden at California State Prison – Sacramento ("CSP-Sac"), and claims against defendant Walik for his role in transferring plaintiff from his cell to inmate Clapps' cell.  Id.  Defendants declined to stipulate, and communications regarding potential amendment continued into July.  See ECF No. 70-2 at 36, 38, 42.  Plaintiff's motion to amend was filed on July 16, 2025.  ECF No. 70.  Defendants oppose the motion to the extent it seeks to add new claims.  ECF No. 74.

## II.    Motion to Amend the Complaint

The proposed amended complaint, ECF No. 70-2 at 48-57, seeks to add defendant Walik to the claims based on plaintiff's cell assignment, and to add a negligence and failure to train claim against Warden Lynch.  ECF No. 70-1 at 1-2.  Plaintiff also seeks to drop (1) defendants Saso, the State of California, and the California Department of Corrections and Rehabilitation ("CDCR"), (2) the Bane Act claims, and (3) the state law negligence and Eighth Amendment deliberate indifference claims based on failure to respond and failure to provide medical treatment.  Id. at 5.  The undersigned construes plaintiff's expressed intention to abandon the latter claims as a request for their voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  That request will be granted.

## III.    Standards Governing Amendment

Under Federal Rule of Civil Procedure 15 (a)(2), leave to amend a complaint after a responsive pleading has been filed is only permitted with the opposing party's consent or by leave of court.  Leave to amend should be freely given "when justice so requires."  Foman v. Davis, 371 U.S. 178, 182 (1962).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant

1  leave to amend a complaint.  Foman, 371 U.S. at 182; Lockheed Martin Corp. v. Network Sols.,

2  Inc., 194 F.3d 980, 986 (9th Cir. 1999).

3        In granting leave to amend, the above factors do not "merit equal weight," and "it is the

4  consideration of prejudice to the opposing party that carries the greatest weight."  Eminence

5  Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman

6  factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id.

7     IV.    Discussion

8            A.  Rules 15 and 16

9        Defendants argue first that the motion to amend is governed by Federal Rule of Civil

10  Procedure 16(b)(4) rather than Rule 15(a)(2), because plaintiff seeks to amend after the deadline

11  set for amendment in the court's ruling on the motion to dismiss.  However, Rule 16(b)(4)

12  governs the modification of scheduling orders.  Plaintiff's motion to amend the complaint does

13  not seek to modify the scheduling order, which did not set a specific deadline for motions to

14  amend the complaint.  See ECF No. 34.  The motion has been brought within the time provided in

15  the operative scheduling order for pretrial motions.  That plaintiff opted not to amend previously

16  when granted leave to do so does not preclude him from bringing a motion now under Rule 15.

17            B.  Claims Against Defendant Walik

18                i.    The Proposed Amendments

19        Plaintiff seeks to restore defendant Walik to the negligence and deliberate indifference

20  claims predicated on the cell assignment,[2] based on newly discovered evidence.  ECF No. 70-1 at

21  5; see ECF No. 70-2 at 54, 55 (FAC); ECF No. 76 at 7.  During the deposition of inmate Harvey,

22  Harvey testified that during plaintiff's cell transfer he asked officers Cary and Walik where they

23  were taking plaintiff; Walik responded that plaintiff was going to be placed in a cell with inmate

24  Clapps.  ECF No. 70-1 at 2.  Harvey responded, "Nah, that ain't going to work.  That ain't going

25  to work.  That's not a good idea."  Id.  Walik responded that it was "just for a little bit."  Id.

26  ─────────────────────
    [2]  Following defendants' motion to dismiss, the negligence and deliberate indifference claims
27  proceeded against defendant Cary and Ng only insofar as predicated on the cell assignment, and
    against Cary, Sosa and Walik to the extent predicated on response to the cellmate assault.  See
28  ECF No. 27 at 6.

1    Neither Walik nor Cary asked any follow up questions or did anything further to investigate

2    before directing plaintiff to enter the cell with inmate Clapps.  Id.  Within five to six minutes,

3    plaintiff was lying on the floor, bleeding with his head crushed.  Id.; see ECF No. 70-2 at 52,

4    FAC ¶¶ 17, 20-22.

5        Plaintiff alleges that defendant Walik owed him a duty of care "to provide him with

6    housing, food, care and medical treatment that met or exceeded the appropriate standard of care,"

7    "to properly investigate, evaluate and screen cell assignment with Clapps," and "to properly

8    monitor the subject cell and its occupants after cell placement."  Id., FAC ¶ 33.  Defendant Walik

9    "failed to exercise the proper degree of knowledge and skill in making a housing/cell assignment,

10    monitoring the post-placement cell and in training the officers in proper prison procedure of cell

11    assignments and moves."  Id., FAC ¶ 36.  Walik "breached [his] duty to plaintiff by failing to

12    properly investigate and screen the cell assignment or cell move with Clapps and failing to

13    properly monitor the subject cell and its occupants after placement."  Id., FAC ¶ 37.

14        Defendants argue primarily that plaintiff's new allegations against Walik are insufficient

15    to state a claim, rendering the amendment futile.  ECF No. 74 at 11-12, 14-15.

16                    ii.    Standards Governing Claims

17                        a.    Negligence

18        In California, the elements of a cause of action of negligence are: (1) "a legal duty to use

19    due care"; (2) "a breach of that duty"; and (3) proximate or legal cause between the breach and

20    (4) the plaintiff's injury.  Kesner v. Superior Court, 1 Cal. 5th 1132, 1142 (2016).  As a general

21    matter, a party is under no duty to control the conduct of others.  Tarasoff v. Regents of Univ. of

22    Cal., 17 Cal. 3d 425, 435 (1976).  An exception applies, however, when there is a "special

23    relationship" between a plaintiff and a defendant.  Regents of Univ. of California v. Superior Ct.,

24    4 Cal. 5th 607, 619 (2018).  A jailer has a "special relationship" with a prisoner that creates a duty

25    of care to protect the prisoner from foreseeable harm inflicted by a third party.  Giraldo v. Cal.

26    Dep't of Corr. & Rehab., 168 Cal. App. 4th 231 (2008).

27    ////

28    ////

5

1

b.  Deliberate Indifference to Safety

2      "Prison officials have a duty to take reasonable steps to protect inmates from physical

3  abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982), abrogated on other grounds by

4  Sandin v. Conner, 515 U.S. 472 (1995).  A prison official violates the Eighth Amendment only

5  when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently

6  serious; a prison official's act or omission must result in the denial of the minimal civilized

7  measure of life's necessities.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, the prison

8  official must subjectively have a sufficiently culpable state of mind, "one of deliberate

9  indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The

10  official is not liable under the Eighth Amendment unless he "knows of and disregards an

11  excessive risk to inmate health or safety."  Id. at 837.  He must then fail to take reasonable

12  measures to lessen the substantial risk of serious harm.  Id. at 847.

13

iii.    Discussion

14      The court disagrees with defendants that the proposed amendments as to Walik would be

15  futile.  The new allegations in the FAC are sufficient to state a negligence claim based on Walik's

16  involvement in plaintiff's cell transfer and failure to monitor plaintiff in his new cell immediately

17  post-transfer.  Plaintiff now alleges that Walik was personally informed at the time of transfer that

18  there was a problem with placing plaintiff in a cell with Clapps, and that he failed to follow up on

19  this information.  This differentiates the allegations of the proposed FAC from those previously

20  found insufficient to state a claim against Walik.[3]  The allegations therefore support the elements

21  of negligence.  As for the parallel deliberate indifference claim, the allegations against Walik are

22  analogous to those against Cary and Ng that have previously been found sufficient to state a claim

23  arising from the cell assignment.  See EF No. 27 at 6.  Defendants' arguments on the merits of

24  these claims are best reserved for summary judgment.  In sum, the negligence and deliberate

25  indifference claims previously found sufficient as to Cary and Ng regarding plaintiff's cell

26

27  [3]  The district judge dismissed the claims against Walik based on plaintiff's cell assignment
    because Walik was not specifically named as a participant in the events giving rise to the claims.
28  ECF No. 27 at 4.

6

1   assignment and transfer are appropriately expanded to include Walik based on newly developed

2   facts regarding Walik's involvement.

3       The undersigned rejects defendants' suggestions that plaintiff's delay in moving to

4   amend, having previously declined to do so, reflects bad faith or dilatory motive.  The facts

5   underlying the renewed claim against Walik were discovered during a deposition on May 7,

6   2025.[4]  Between May 7, 2025, and May 16, 2025, plaintiff prioritized the preparation and filing of

7   his motions to compel and for sanctions, which had a set deadline.  Between May 20, 2025, and

8   July 2, 2025, the parties engaged in back-and-forth written correspondence regarding plaintiff's

9   plan to file an amended complaint and whether the parties could reach a stipulation.  ECF No. 70-

10  2 at 36, 38, 42; ECF No. 73-1 at 32.  On July 16, 2025, plaintiff concurrently filed the motion to

11  amend the complaint with a motion to modify the discovery and scheduling order based on

12  defendants' delay and denial of relevant evidence.  ECF Nos. 69, 70.  This course of events

13  reflects diligence on plaintiff's part.

14      The undersigned finds minimal if any prejudice to defendants from amendment at this

15  time.  Walik is already a defendant in the case, plaintiff has conducted discovery into his

16  involvement in the events of February 16, 2020, and he has been deposed.  Plaintiff's expert

17  witness has already offered an opinion regarding Walik's conduct in light of inmate Harvey's

18  testimony.  Plaintiff does not indicate the need to conduct additional discovery with respect to

19  Walik's involvement.  Should defendants decide they need an expert to counter plaintiff's expert,

20  defendants may seek a slight modification to allow for this limited discovery.  In any event, some

21  modification to the discovery and scheduling order is appropriate for the reasons explained in the

22  concurrently filed order on plaintiff's motion to amend the discovery and scheduling order.

23

24  [4]  Plaintiff could not move to amend before he had the relevant facts.  The court notes that the
    July 2024 order granting plaintiff leave to amend reminded counsel of their obligation to certify

25  "that to the best of the person's knowledge, information, and belief, formed after an inquiry
    reasonable under the circumstances . . . the factual contentions have evidentiary support or, if

26  specifically so identified, will likely have evidentiary support after a reasonable opportunity for
    further investigation or discovery . . ."  ECF No. 27 at 4-5 (citing Fed. R. Civ. P. 11(b)(3)).

27  Because the newly discovered evidence was not available to plaintiff or his counsel at that time,
    plaintiff could not have filed an amended complaint with the required certification.

28

1    Accordingly, there is no prejudice.

2            For these reasons, the undersigned recommends that plaintiff's motion to amend be

3    granted as to the claims against Walik for negligence and deliberate indifference to safety related

4    to plaintiff's placement with Clapps.

5            C.   Claims Against Warden Lynch

6                    i.    The Proposed Amendments

7        The proposed FAC names Warden Jeffrey Lynch as a defendant, alleging (1) negligent

8    failure to train and (2) liability on the Eighth Amendment deliberate indifference to safety claim

9    on a failure to train theory.  Plaintiff argues in support of amendment that he learned during fact

10   and expert discovery that the prison administrators who were responsible for evaluating and

11   executing the cell transfer were not trained in the proper procedure and protocol to ensure the

12   safety of the prisoners including plaintiff.  ECF No. 70-1 at 3-4; see also ECF No. 70-2 at 11-13

13   (excerpts of plaintiff's expert report).

14           The proposed FAC does not set forth separate failure to train claims.  First it adds a

15   general allegation that the failure of Officers Cay, Ng and Walik to conduct the necessary pre-

16   assignment evaluation of the cell placement was caused by the failure of supervisors including

17   Lynch to train them in the required protocols.  ECF No. 70-2 at 52, FAC ¶ 20.  The negligence

18   claim is amended to allege that Lynch owed a duty of care to inmates including plaintiff to ensure

19   officer training in the proper procedures for safe cell assignments and transfers; that Lynch

20   breached this duty by failing to properly train Cary, Ng and Walik; and that plaintiff was injured

21   as a result of the inadequate training.  ECF No. 70-2 at 54, ¶ 33 (duty); id. at 54-55, ¶ 37 (breach);

22   id., ¶ 38 (causation of injury); see also id. at 54, ¶ 36.  The Eighth Amendment deliberate

23   indifference claim is amended to allege that Lynch's failure to train prison staff demonstrated

24   deliberate indifference to plaintiff's rights.  Id. at 55, ¶ 45.

25                   ii.    Standards Governing Claims

26                       a.   Negligence

27        The elements of negligence are the existence of a duty to use due care, a breach of that

28   duty, and causation of the plaintiff's injury.  Kesner, supra, 1 Cal. 5th at 1142 (2016).  Under

1    California law, a jailer has a "special relationship" with a prisoner that creates a duty of care to

2    protect the prisoner from foreseeable harm inflicted by a third party.  Giraldo, supra, 168 Cal. at

3    246-53.  Where a "special relationship" exists, a supervisor can be held liable for negligent hiring,

4    supervising, and/or training.  Est. of Osuna v. Cnty. of Stanislaus, 392 F. Supp. 3d 1162, 1182

5    (E.D. Cal. 2019); C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 877 (2012)

6    ("Absent such a special relationship, there can be no individual liability to third parties for

7    negligent hiring, retention or supervision of a fellow employee, and hence no vicarious

8    liability.").

9                              b.    Failure to Train Liability Under § 1983

10        "There is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d

11    1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held

12    responsible for the conduct of his subordinates.  A supervisor may incur liability, however, for his

13    own supervisory acts that cause a constitutional violation.  Id.  The inadequacy of training may

14    serve as a basis for liability under section 1983 where the failure to train amounts to deliberate

15    indifference to the rights of persons with whom the subordinates come into contact.  Ting v.

16    United States, 927 F.2d 1504, 1512 (9th Cir. 1991).  To satisfy the deliberate indifference

17    standard, plaintiff "must allege facts to show that the [defendant] 'disregarded the known or

18    obvious consequence that a particular omission in their training program would cause . . .

19    employees to violate citizens' constitutional rights.'"  Flores v. County of Los Angeles, 758 F.3d

20    1154, 1159 (9th Cir. 2014) (citing Connick v. Thompson, 563 U.S. 51, 51-52 (2001)).  A pattern

21    of similar violations is ordinarily necessary to state a claim for failure to train, because absent

22    such a pattern the individual or entity cannot have been aware that their failure to train would

23    likely cause further constitutional violations.  Id.; see also Davis v. City of Ellensburg, 869 F.2d

24    1230, 1235 (9th Cir. 1989) (same standard for inadequate training applies to inadequate

25    supervision).

26                        iii.    Discussion

27        Plaintiff's allegations against Lynch are insufficient to state a claim for negligence or for

28    deliberate indifference on a failure to train theory.  On the state law negligence claim, the

9

allegations of the FAC do not identify any specific acts or omissions of Lynch that constituted a breach of duty. Plaintiff leaps from Lynch's general duty to ensure the appropriate training of all prison staff on all aspects of performance to the fact that the defendant officers failed to follow specific protocol on a specific occasion. Plaintiff simply assumes, and implicitly asks the court to infer, that there was particular training which Lynch failed to provide and that this failure of training caused the officers' failure to ensure plaintiff's cell move was safe. But the only allegation of Lynch's personal failure to ensure training is conclusory. See ECF No. 70-2 at 54-55, ¶ 37. The FAC is devoid of specific allegations regarding what training was or was not provided regarding cell assignments and transfers, and Lynch's role in decisions regarding the scope and content of that training. Accordingly, plaintiff fails to state a cognizable claim for relief against Lynch under well-established federal pleading standards. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action.").

The pleading deficiency is even clearer regarding the § 1983 claim. The failure to identify a training deficiency with specificity defeats liability on a failure to train theory. See McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) ("Alleging that training is 'deficient' or 'inadequate' without identifying a specific inadequacy is conclusory and does not support a plausible claim."); Bini v. City of Vancouver, 218 F. Supp. 3d 1196, 1202 (W.D. Wash. 2016) (plaintiff did not adequately allege a § 1983 claim for failure to train absent facts of specific shortcomings in training); Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150 (2009) ("[W]ithout identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct.").

Moreover, The FAC is devoid of facts demonstrating that Lynch was aware prior to February 16, 2020, that officer training regarding cell assignments and transfers was so deficient that it actively risked the safety of inmates. Without such facts, there can be no deliberate indifference to inmate rights on Lynch's part and thus no liability for failure to train. See Flores,

758 F.3d at 1159 (isolated incidents by two deputies do not suffice to put the sheriff on "'notice that a course of training is deficient in a particular respect,' nor that the absence of such a course 'will cause violations of constitutional rights.'" (quoting Connick, 563 U.S. at 62)); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1145 (9th Cir. 2012) (finding no pattern of similar constitutional violations where "there is no indication that this problem has ever arisen other than in the case of [plaintiff] herself"); Lake v. City of Vallejo, No. 2:19-cv-1439 DAD KJN, 2023 WL 4086885, at *13, 2023 U.S. Dist. LEXIS 106255, at *38 (E.D. Cal. June 20, 2023) (to allege a failure to train, plaintiff "must—at minimum—allege more than two incidents that predate the incident involving plaintiff to be considered plausible notice to defendant . . . that there was a failure to train").  Likewise, a conclusory allegation in the motion to amend that "[w]ithout training, it was virtually guaranteed that an incident such as this would occur," even if it was included in the FAC, which it is not, is insufficient to allege obviousness of the need to train. Lucas v. Cnty. of Fresno, No. 1:18-cv-1488 DAD EPG, 2019 WL 7370418, at *10, 2019 U.S. Dist. LEXIS 223331, at *26 (E.D. Cal. Dec. 31, 2019) ("plaintiff's conclusory allegation that '[defendant] failed to institute and require proper training regarding an obvious need that ignored the highly predictable likelihood of deadly consequences' is insufficient to support a cognizable" claim for failure to train).

Finally, with regard to both the negligence and deliberate indifference claims, the FAC provides no factual basis for a conclusion that the actions of Cary, Ng and Walik were caused by a failure to train rather than by their own negligence, deliberate indifference, or failure to follow proper procedures.  See Carswell v. Ferrari, No. 1:23-cv-00468 BLW REP, 2025 WL 1886068, at *8, 2025 U.S. Dist. LEXIS 132630, at *20-21 (D. Idaho June 20, 2025), report and recommendation adopted, 2025 WL 1883714 (D. Idaho July 8, 2025) ("Plaintiff cannot merely speculate that, because an employee or group of employees acted in a wrongful manner towards him, the cause was a failure to train, as opposed to the employees' own personal choices.").

For all these reasons, the undersigned concludes that the factual matter contained in the FAC is insufficient to state any claim against Lynch that rises beyond the speculative level.  See Twombly, 550 U.S. at 555.  The allegations against Lynch are conclusory, and fail to support a

1    reasonable inference that he is responsible for the failure of the individual officers to identify the

2    danger that Clapp posed to plaintiff.[5]  Accordingly, the motion to amend should be denied as to

3    Lynch.

4                                               CONCLUSION

5           For the reasons state above, IT IS HEREBY ORDERED that:

6           1.      Plaintiff's motion to amend the complaint (ECF No. 70) is construed in part as a

7    motion to voluntarily dismiss and, as such, is granted.

8           2.      Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the following

9    claims are dismissed as against all defendants without prejudice:

10          a.  Negligence based on failure to respond and to provide medical treatment;

11          b.  Eighth Amendment deliberate indifference based on failure to respond and to provide

12   medical treatment;

13          c.  Bane Act.

14          3.      The Clerk shall update the docket to reflect that defendants Officer Saso, the State

15   of California, and the California Department of Corrections and Rehabilitation ("CDCR") have

16   been terminated.

17          IT IS HEREBY RECOMMENDED that plaintiff's motion to amend the complaint (ECF

18   No. 70) be GRANTED as to the negligence and deliberate indifference claims against Officer

19   Walik and DENIED as to all claims against Warden Lynch.

20          These findings and recommendations are submitted to the United States District Judge

21

22   [5] The court rejects plaintiff's attempt to justify the absence of factual allegations due to the "very
     little discovery . . . on the issue."  ECF No. 76 at 4.  The court notes that plaintiff did seek and
23   receive discovery concerning the training that the officer defendants received.  To the extent
     plaintiff means to argue that a factually supported claim against Lynch requires substantial
24   additional discovery into the warden's knowledge and actions, this would require a significant re-
     opening of discovery into a new area.  The undersigned found above regarding defendant Walik
25   that defendants are nor prejudiced by the addition of claims at this stage of the proceedings in
     large part because Walik was already a defendant, has already been deposed, and there does not
26   appear to be a need for additional discovery.  The addition of an entirely new defendant, whose
     liability does not turn on the factual universe already being explored in discovery, presents an
27   entirely different situation and defendants' prejudice argument is well taken.

28

                                                    12

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days**

2  after being served with these findings and recommendations, any party may file written

3  objections with the court and serve a copy on all parties.  Such a document should be captioned

4  "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the**

5  **court's calendar, extensions of time will only be granted in extraordinary circumstances.**

6  The parties are advised that failure to file objections within the specified time may waive the right

7  to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  DATED: September 4, 2025

9

10  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

13