1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERTO ROJAS, by and through his          No.  2:21-cv-1086 DAD AC P
     guardian ad litem, SERGIO ROJAS,
12
                    Plaintiff,
13                                               ORDER
            v.
14
     CALIFORNIA DEPARTMENT OF
15   CORRECTIONS AND
     REHABILIATION, et al.,
16
                    Defendants.
17

18

19          Plaintiff's motion to modify the discovery and scheduling order to permit additional

20   specified discovery (ECF No. 69) came before the court for hearing on August 27, 2025.  ECF

21   No. 79.[1]   The court now resolves the issues presented by that motion together with those portions

22   of plaintiff's previously heard motion to compel discovery (ECF No. 54) that were not previously

23   resolved.  For the reasons discussed below, both motions are granted in part and denied in part.

24   ////

25   ////

26

     ――――――――――――――――
27   [1]  The motion was heard together with plaintiff's motion to amend the complaint, ECF No. 70,
     which is addressed in Findings and Recommendations that are issued concurrently with this
28   order.

                                                   1

1    I.    Background

2         The operative discovery and scheduling order is at ECF No. 34.  It provides that non-

3    expert discovery closed on April 11, 2025.  Id. at 2.  Plaintiff was granted leave to conduct two

4    additional depositions of belatedly identified witnesses after that date.  ECF No. 46.  On May 16,

5    2025 plaintiff filed several motions to compel discovery, which defendants opposed; both parties

6    sought sanctions.  See ECF Nos. 53-56.  On June 11, 2025, the court granted in part plaintiff's

7    motions to compel and deferred ruling on the parties' motions for sanctions.  ECF No. 65.  The

8    parties were ordered to meet and confer regarding several outstanding discovery disputes and

9    plaintiff was ordered to file a notice informing the court, which, if any disputes required a ruling.

10   Id. at 8.

11        On June 20, 2025, after plaintiff filed notices regarding the parties' meet and confer

12   efforts, the court ordered supplemental discovery responses from defendants as to Cary

13   Interrogatories Nos. 8, 9, 20, 21, Ng's Interrogatories Nos. 7, 8, and Requests for Production

14   ("RFP") Nos. 2, 6, 26, 27,[2] and 30.  ECF No. 68 at 2.  Plaintiff was provided twenty-one days

15   after receiving the defendants' supplemental responses to file a notice informing the court which

16   disputes, if any, continue to require a court ruling and on what basis.  Id.  The court warned that

17   "[i]f defendants fail to provide complete discovery responses . . . or the parties fail to meet and

18   confer in good faith about the remaining issues as ordered herein, the court will consider the

19   outstanding motions to compel and motions for sanctions.  No further briefing on this matter

20   should be submitted unless authorized or requested by the court."  Id. at 2.

21        On July 16, 2025, plaintiff filed a motion to amend the discovery and scheduling order to

22   conduct additional specified discovery.  ECF No. 69.  On August 4, 2025, plaintiff' filed a status

23   update regarding the outstanding motion to compel discovery.  ECF No. 75.

24   II.    Motions Before the Court

25         A.    Motion to Modify the Discovery and Scheduling Order (ECF No. 69)

26        Plaintiff seeks to modify the non-expert discovery deadline to require defendants to

27   ─────────────────
28   [2]  The June 20, 2025, order incorrectly lists "RFP Nos. 2, 6, 26, 26, and 30" when the correct
     listing should be RFP Nos. 2, 6, 26, 27, and 30.  See ECF No. 68.

1    produce: (1) all records without redactions other than those previously stipulated to by the parties;

2    (2) for deposition a person most knowledgeable ("PMK") regarding the missing logbook; (3) for

3    deposition B. Martinez, the Central Control Officer on February 16, 2020; (4) for deposition a

4    PMK regarding the Strategic Offender Management System ("SOMS") records AGO 7595 to

5    7612, produced as C.O. Cary's access to SOMS; (5) for deposition a PMK regarding memoranda

6    Sgt. Kevin Steele submitted regarding his investigation regarding any events related to Eugene

7    Clapps or Roberto Rojas as reflected in the late disclosed video interview of Harold Harvey; (6)

8    for deposition a PMK regarding any interview conducted of Larry Alford related to Roberto

9    Rojas attack; (7) for deposition a PMK regarding the process of locating the video interview of

10   Harold Harvey; (8) all information of the identity of the second person who was present for the

11   interview of Harold Harvey by Kevin Steele, and produce him or her for deposition; and (9) all

12   evidence of cell moves in SOMS for all correctional officers up to and including Central Control

13   (any evidence of the batch) pertaining to Roberto Rojas on February 16, 2020.  ECF No. 69 at 6-

14   7.  Plaintiff argues this modification is necessary due to defendants "pattern of delays, failure to

15   produce evidence, and a consistent resistance to discovery efforts."  Id. at 7.

16          Defendants oppose the motion, arguing plaintiff's counsel was not diligent, waived

17   complaint about redactions by not raising them before the close of discovery, and has not

18   demonstrated any prejudice resulting from the redactions.  ECF No. 72 at 4.  Defendants also

19   argue that the proposed modifications will substantially prejudice defendants because they have

20   already begun preparing their dispositive motion, which is due October 24, 2025.

21               B.  Motions To Compel and For Sanctions

22          Plaintiff's recent status update concerning the pending discovery disputes indicates that

23   the following discovery issues raised in plaintiff's motion to compel (ECF No. 54) remain

24   unresolved: RFP Nos. 2, 3, 6, 26, 27, and 30.  ECF No. 75.  With respect to all six, plaintiff states

25   that defendants have not provide further production.  Id. at 2.  With respect to RFP Nos. 3, 6, and

26   30, plaintiff states the redactions have not been removed.  Id.

27   ////

28   ////

3

1    III.    Legal Standards

2         A.    Modification of Discovery and Scheduling Order

3    To establish good cause for amending a scheduling order to reopen discovery, courts in

4    the Ninth Circuit consider:

5         1) whether trial is imminent; 2) whether the request is opposed; 3)
          whether the non-moving party would be prejudiced; 4) whether the
6         moving party was diligent in obtaining discovery within the
          guidelines established by the court; 5) the foreseeability of the need
7         for additional discovery; and 6) the likelihood further discovery will
          lead to relevant evidence."

8

9    City of Pomona v. SQM N. Amer. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United

10   States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1152, 1526 (9th Cir. 1995), vacated on

11   other grounds, 520 U.S. 939 (1997).  Although no one factor is dispositive, the primary factor

12   courts consider in making a good cause determination is whether the moving party was diligent.

13   Johnson v. Mammoth Rec., Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If that party was not

14   diligent, the inquiry should end."  Id.  "[C]arelessness is not compatible with a finding of

15   diligence and offers no reason for a grant of relief."  Id.

16        "In determining diligence, the Court can inquire into (1) whether the movant was diligent

17   in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could

18   not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3)

19   whether the movant was diligent in attempting to amend the scheduling order once the need to

20   amend became apparent."  G&M Farms Inc. v. E.I. du Pont, No. 1:24-cv-0213 JLT BAM, 2024

21   WL 4950175, at *3, 2024 U.S. Dist. LEXIS 218875, at *9 (E.D. Cal. Dec. 3, 2024); see also

22   Porter v. Solano County Sheriff's Office, No. 2:21-cv-1473 KJM JDP, 2024 WL 3361138, at *1,

23   2024 U.S. Dist. LEXIS 121022, at *4 (E.D. Cal. July 10, 2024).

24        B.    Motion to Compel

25        A party may propound interrogatories and request production of documents relating to any

26   matter that may be inquired to under Rule 26(b).  Fed. R. Civ. P. 33(a), 34(a).  A responding

27   party, to the extent it is not objected to, must answer an interrogatory to "fully in writing under

28   oath."  Any objection "must be stated with specificity."  Fed. R. Civ. P. 33(b)(3)-(4).  A motion to

4

1    compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a

2    party fails to produce documents or fails to respond that inspection will be permitted . . . as

3    requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery

4    has the burden of showing that the discovery sought is relevant or that its denial will cause

5    substantial prejudice. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). The opposing party

6    is "required to carry a heavy burden of showing why discovery was denied." Blankenship v.

7    Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

8        IV.    Discussion

9        The discovery disputes outstanding from ECF No. 54 are intertwined with plaintiff's recent

10    request to reopen discovery (ECF No. 69). The court accordingly addresses the disputes by

11    subject matter rather than by motion.

12            A.  SOMS Records[3]

13                1.  Background

14        Plaintiff's RFP No. 2 asked defendants to "[p]roduce any and all records related to the

15    approval of the housing or cell transfer of Roberto Rojas that occurred on February 16, 2020."

16    ECF No. 54-2 at 6. RFP No. 3 asked defendants to "[p]roduce any and all SOMS records,

17    regardless of medium, reflecting the assessment and approval of cell transfer of Roberto Rojas

18    into the cell of Eugene Clapps on February 16, 2020." Id. RFP No. 30 asked defendants to

19    "[p]roduce all documents identified in defendants' answers to interrogatories." Id. In response to

20    plaintiff's motion to compel (ECF No. 54), the undersigned ordered defendants to provide further

21    responses to RFP No. 3. ECF No. 65 at 12-13. The court specifically ruled,

22            Defendants must identify the specific February 16, 2020, SOMS
              records that reflect the records defendants reviewed as part of the
23            assessment and/or evaluation, the assessment and/or evaluation done
              to approve the cell transfer, and the approval of the cell transfer. If
24            some records exist, defendants must identify those records with
              specificity and assert no other responsive records exists. If no
25            responsive records exist, defendants must clearly and unambiguously

26

27    [3] SOMS, the Strategic Offender Management System, is a database that records inmate
      movement and other custody-related information including "case factors" relevant to housing
28    assignments.

                                            5

1    state so in response to RFP No. 3.

2    Id. at 13-14.

3         On June 20, 2025, the court ordered defendants to provide supplemental responses to,

4    among other things, plaintiff's RFP Nos. 2 and 30.  See ECF No. 68.  Defendants were provided

5    twenty-one days to supplement their responses.  Id. at 2.  To the extent there was still a

6    disagreement, the parties were to meet and confer.  Id.  If meet and confer efforts were

7    unsuccessful, plaintiff had twenty-one days after receiving defendants' supplemental responses to

8    notify the court that a ruling was necessary.  Id.  Plaintiff remains unsatisfied with defendants'

9    responses to RFP Nos. 2, 3, and 30, and seeks to compel further responses.  ECF No. 75.

10        Plaintiff also seeks leave to conduct the following additional discovery related to SOMS:

11   (1) a PMK deposition regarding the SOMS records AGO 7595 to 7612, produced as Officer

12   Cary's access to SOMS; and (2) production by defendants of "all evidence of cell moves in

13   SOMS from all correctional officers up to and including Central Control (any evidence of the

14   batch) pertaining to Roberto Rojas on 2/16/20."  ECF No. 69 at 6-7 (items 4 and 9).  Plaintiff

15   contends that the SOMS documents marked AGO 7595 to 7612, which were disclosed after the

16   close of discovery, demonstrate that defendants had previously withheld information that had

17   been requested and compelled regarding the officer defendants' SOMS activity related to

18   plaintiff's cell move.  Defendants counter that AGO 7595 to 7612 is data obtained from a forensic

19   inquiry that was never requested by plaintiff or court ordered, and was provided as a courtesy.

20                        2.  Discussion

21        The court rejects defendants' argument that these documents were not responsive to RFP

22   No. 3 and fall within the scope of the court's previous order compelling further production.

23   Defendants' own description of the records indicate that AGO 7595-7612 consist of activity logs

24   "showing Defendant Cary's access of the SOMS system for records related to Plaintiff and

25   inmate Clapps on February 16, 2020."  ECF No. 56 at 8, 13 (Julianne Mossler Declaration ¶ 18);

26   ECF No. 69-1 at 68-85 (Confidential AGO 7595-7612).  Although redacted and not very detailed,

27   the records shows that on February 16, 2020, between 10:45:05-10:47:55am on server number 3,

28   12:24:52-12:46:27pm on server number 15, and 14:49:14-14:49:14pm on server number 8,

                                        6

1    defendant Cary *accessed* records for inmate AX2379 (plaintiff) and inmate BD6256 (Clapps).

2    ECF No. 69-1 at 68-85 (Confidential AGO 7595-7612). In addition to a date and time stamp,

3    User ID, CDC#, and server number, the records include, among others, the following details:

4    ClientSelectionServlet_CADOC, InmateSentenceDataSheetServlet_CADOC,

5    OffenderERMSLinkListServlet, FacilityBedRequestBatchServlet,

6    InmateBedAssignmentServlet_CADOC, InmateRuleViolationReportServlet, and

7    FacilityIncidentReportServlet. Id. at 68-70. These records confirm, as defendants Cary and Ng

8    testified, that SOMS records a history of information accessed on SOMS and by whom it is

9    accessed. ECF No. 54-2 at 51, Exhibit 5, Excerpt of defendant Cary's deposition, 19:22-25; ECF

10   No. 77-1 at 38-39, Exhibit E, Excerpt of defendant Ng's deposition, 42:17-19, 137:15-138:12.

11          The court agrees with plaintiff that defendants should be required to produce all

12   information from SOMS related to defendants Cary's and Ng's SOMS access and/or activity on

13   SOMS on February 16, 2020, regarding plaintiff, Clapp, and plaintiff's cell transfer.[4] From

14   January 2025 to present, plaintiff has been diligent in pursuing these records. When the records

15   were not provided in defendants' February 2025 responses, plaintiff followed up and met and

16   conferred with defendants' counsel. When defendants continued to fail to adequately respond to

17   the request, plaintiff timely filed a motion to compel, which this court granted with respect to

18   RFP No. 3, and deferred ruling on RFP Nos. 2 and 30 depending on the outcome of defendants'

19   supplemental responses. The court shares plaintiff's frustration that defense counsel did not

20   attempt to identify some relevant SOMS data until after the close of discovery, despite its

21   centrality to the issues in this case, and that records concerning Ng's SOMS access and/or activity

22   on February 16, 2020, have still not been produced.

23          Because the late-disclosed documents were responsive to RFP Nos. 2, 3 and 30, and

24   because they indicate that further relevant SOMS data exists but has not been produced, the late

25   disclosure warrants a limited re-opening of discovery for plaintiff to ensure he has obtained all

26

27   [4] Because the undersigned is recommending that plaintiff be permitted to add Officer Walik by
     amendment to the claims arising from the cell transfer, his SOMS access is also relevant and must
28   be disclosed.

1  relevant SOMS data, and to learn more about how the system operates.  Unlike the other PMK

2  depositions proposed by plaintiff and discussed below, this is not merely discovery into

3  discovery.  The functioning of the SOMS system is directly relevant to the actions of the

4  defendant officers on February 16, 2020, and to what information they had or could have had but

5  did not access.

6        Accordingly, the court grants plaintiff's requests that (1) defendants produce for deposition

7  a PMK regarding the operation of the SOMS system generally and specifically the creation and

8  interpretation of the records at AGO 7595 to 7612 and analogous records related to other

9  defendants, and (2) defendant be ordered to produce all SOMS data regarding Roberto Rojas,

10  and/or Eugene Clapps from all correctional officers up to and including Central Control ("any

11  evidence of the batch") on February 16, 2020, that has not previously been produced.  See ECF

12  No. 69 at 6-7 (items 4 & 9).  This includes activity reports for Officers Ng and Walik analogous

13  to those provided for Officer Carey at AGO 7595 to 7612.[5]  The case schedule will be modified

14  as necessary to accommodate this additional discovery.

15              3.  Redaction

16        As part of a broadly worded request in his motion to re-open discovery, ECF No. 69 at 6,[6]

17  plaintiff also seeks production of all responsive SOMS material in unredacted form.  Having

18  reviewed AGO 7595-7612 (ECF No. 69-1 at 68-85), the court agrees with plaintiffs that these

19  recently produced documents are not useful in their redacted form.  Entire pages are entirely or

20  almost entirely redacted, without explanation.  As the court now explains, the privilege log

21  ////

22

23  [5]  Concurrently with this order, the undersigned has issued Findings and Recommendations on
   plaintiff's motion to amend the complaint (ECF No. 70), recommending amendment to add
24  negligence and deliberate indifference claims against Officer Walik based on the cell transfer.
   [6]  Plaintiff seeks an order that "Defendants are to produce *all records* without redactions other
25  than those records 'identifying information of current or former CDCR employees (including
   Defendants), including but not limited to birthdates (birth years will not be redacted), social
26  security numbers, home addresses, drivers' license numbers, home telephone numbers, and
   identifying information of non-parties, if any, will be redacted, except with respect to pertinent
27  medical and mental health information regarding Eugene Clapps, CDCR No. BD6256,' consistent
   with the stipulation of the parties."  ECF No. 69 at 6 (item 1) (emphasis added).
28

1    provided with this production, ECF No. 73-1 at 27, is insufficient and does not support the

2    redactions.

3        Federal Rule of Civil Procedure 26(b)(5)(A) requires a party to expressly make a privilege

4    or protection claim concerning the withheld information and "describe the nature of the

5    documents, communications, or tangible things not produced or disclosed—and do so in a manner

6    that, without revealing information itself privileged or protected, will enable other parties to

7    assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). The privilege log at issue merely states as

8    to AGO 7595-7612 overall,

9
            Fed. R. Evid. 501; Privacy and confidential safety and security of
            staff and third parties; Fed. R. Evid. 401; Not reasonably calculated
10           to lead to the discovery of admissible evidence; Cal. Code Regs. tit.
            15, § 3321
11

12   ECF No. 73-1. There is no way to determine from the log which of these asserted bases for

13   redaction apply to which redactions, or why.

14       Evidentiary objections and assertions of irrelevance are not properly included in a privilege

15   log and do not support redaction. See Corona v. City of Fontana, No. 5:22-cv-0034 JGB SP,

16   2023 WL 9596831, at *3, 2023 U.S. Dist. LEXIS 74550, at *10, (C.D. Cal. Apr. 27, 2023)

17   (without more, a party may not redact otherwise responsive documents because those documents

18   contain irrelevant material). The cited section of the California Code of Regulations involves the

19   classification of certain correctional records as confidential. 15 Cal. Code Regs. § 3321. Both

20   this citation and the generalized reference to the safety and security of staff and third parties

21   might under some circumstances provide a basis for a qualified privilege, see generally Sanchez

22   v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991), but here defendants have not

23   provided information sufficient for the court to assess the claim. The log provides no description

24   of the nature of the redacted information that might permit a determination whether the qualified

25   protection applies in the first instance or whether it is overcome by defense need for the

26   information. See Peck v. Cnty. of Orange, No. 2:19-cv-4654 DSFAFMX, 2020 WL 43536688, at

27   *2, 2020 U.S. LEXIS 138502, at *5 (C.D. Cal. Apr. 6, 2020) (privilege log must "identif[y] the

28   general subject matter of each redaction with sufficient specificity to allow evaluation and

                                        9

1   potential challenge by Plaintiffs.").

2          Accordingly, defendant's assertions of privilege are overruled as to the redactions in AGO

3   7595-7612.  Unredacted copies must be produced subject to the protective order (ECF No. 33),

4   which is adequate to protect the safety and security of correctional staff and third parties.

5   Designation as "attorneys' eyes only" under the protective order shall not preclude use of the

6   unredacted documents at the PMK deposition regarding SOMS.  Production of additional SOMS

7   records in response to plaintiff's items 4 and 9 (ECF No. 69 at 6-7), which has been ordered

8   above, shall also be produced in unredacted form and may be designated "attorneys' eyes only"

9   with the exception that they may be used at the PKM deposition.

10              B.  <u>Deposition of Sergeant Martinez</u>

11         On April 11, 2025, the last day of the discovery period, plaintiff's counsel learned that

12  Sergeant Martinez had been the Central Control Officer on February 16, 2020, and that he could

13  testify to the fact that a cell transfer approval was not recorded in SOMS on that date.  ECF No.

14  69-1 at 15.  This was confirmed four days later when defendants' counsel issued supplemental

15  disclosures adding Sergeant Martinez.  ECF No. 69-1, Brown Decl. ¶ 11; ECF No. 73-1 at 29;

16  ECF No. 77-1 at 90.

17         On April 28, 2024, plaintiff's counsel requested a deposition of Sergeant Martinez.  ECF

18  No. 73-1 at 21.  On May 2, defendants' counsel offered both in writing and at a live meet and

19  confer to produce Sergeant Martinez for deposition on May 15 or May 16, 2025.  ECF No. 73,

20  Lompa Decl. ¶ 6; ECF No. 73-1 at 21, 23.  At the meet and confer, plaintiff's counsel indicated

21  he would confirm a date by May 5, 2025; however, he never did.  ECF No. 73, Lompa Decl. ¶ 6.

22  Instead, plaintiff's counsel waited until June 4, 2025, a month later, to send another letter

23  requesting defendants produce Sergeant Martinez for a deposition.  ECF No. 69-1 at 19; ECF No.

24  77-1 at 94.  The June 4, 2025, letter suggests his request was a first request based on defendants'

25  revised disclosure statement.  ECF No. 69-1 at 19.

26         On June 9 and June 11, 2025, defendants' counsel declined plaintiff's request because he

27  had not been diligent in following up on their offer to produce Sergeant Martinez for a deposition

28  in May.  ECF No. 73, Lompa Decl. ¶ 9; ECF No. 73-1 at 29; ECF No. 77-1 at 94.  On June 11,

2025, plaintiff's counsel sent a response letter stating that he did not recall if they had spoken about Sergeant Martinez's deposition, that they very well may have, but that "it does not mean that if I do not respond by that date that you are not going to honor your agreement to produce him." ECF No. 77-1 at 96. A week later, during a live meet and confer on June 17, 2025, defendants' counsel agreed for a second time to produce Sergeant Martinez for a deposition. ECF No. 72, Lompa, Decl. ¶ 11. Despite this, plaintiff's counsel did not follow up with a subpoena or other action until filing the present motion on July 17, 2025.

The court agrees with defendant that plaintiff was insufficiently diligent to warrant reopening discovery for the purpose of taking Sgt. Martinez's deposition. Counsel learned of Sgt. Martinez's significance on the last day of discovery, but did not immediately file a motion to extend the discovery and scheduling order to allow for his deposition. To the contrary, he waited three months to file the present motion. Moreover, counsel's actions during those three months, during which he repeatedly dropped the ball by failing to follow up after seeking informal agreement to a deposition out of time, demonstrate a lack of the diligence necessary to reopen discovery for this purpose.[7] Accordingly, the request at ECF No. 69 p. 6 (item 3) is denied.

C. Missing Logbook

On February 18, 2025, defendants served their written response to plaintiff's RFP No. 27, which sought production of "all building logs from February 16, 2020, for the building where Roberto Rojas and Eugene Clapps were housed on that date." ECF No. 73-1 at 16. Defendants responded that they had "conducted a reasonable and diligent search and have not located any documents responsive to this request. Defendants' efforts are ongoing." Id. On April 1, 2025, defendants' counsel requested that CSP-SAC conduct a further search for the logbook. ECF No. 73, Lompa Decl. ¶ 5. On April 2, 2025, during defendant Cary's deposition, defendants' counsel confirmed that a responsive logbook was "missing" and offered to provide a declaration regarding the efforts to locate it. Id.; ECF No. 69-1, Brown Decl. ¶ 14. On May 5, 2025, defendants

---

[7] Where counsel acted in a timely fashion to seek leave to conduct depositions after the discovery deadline, such leave was granted. See ECF No. 46 at 9-10 (modifying case schedule shortly before close of discovery to permit depositions of newly discovered inmate witnesses).

1    provided plaintiff's counsel with a brief declaration from the office technician who conducted the

2    search stating "[a]fter diligently searching our Short Term Restrictive Housing unit where records

3    are kept as well as our institutions warehouse, I was unable to locate records of [CSP-Sac

4    Housing Unit 3] unit logbook [for 02/16/2020]."  ECF No. 73, Lompa Decl. ¶ 7; ECF No. 73-1 at

5    25.

6           Plaintiff's motion to compel, ECF No. 54, contended that the declaration was inadequate

7    because it "provides no information about what was actually missing, whether the missing

8    records are more than one day, many days, just that day, whether it was used in the internal affairs

9    investigation, who she spoke with to seek to recover it."  Id. at 10.  Plaintiff sought an order

10   compelling defendants "to make additional efforts to find the subject log and allow all necessary

11   depositions to confirm the circumstances surrounding its disappearance," to provide a further

12   response," and to "either produce the log or explain its disappearance."  Id. at 11.  In the

13   meantime, during the meet and confer process, plaintiff's counsel repeatedly requested a PMK

14   deposition regarding the missing logbook.  Defense counsel proposed as a compromise that

15   plaintiff serve five interrogatories regarding the issue.  ECF No. 73, Lompa Decl. ¶ 10.

16          On June 20, 2025, the court ordered defendants to provide supplemental discovery

17   responses to, among other things, plaintiff's RFP No. 27.  ECF No. 68 at 2.

18          On June 24, 2025, plaintiff served Interrogatory Nos. 26-30 regarding the missing

19   logbook.  ECF No. 73, Lompa Decl. ¶ 12.  On July 14, 2025, defendants provided responses.  Id.;

20   ECF No. 73-1 at 40-44.  Plaintiff remains dissatisfied with defendants' responses, seeks sanctions

21   for non-disclosure of the logbook and/or an explanation of how it went missing and what efforts

22   have been taken to find it, and seeks re-opening of discovery to take a PMK deposition regarding

23   the disappearance of the logbook.

24          Plaintiff here seeks discovery on discovery, which is disfavored.  See Uschold v. Carriage

25   Servs. Inc., 2019 U.S. Dist. LEXIS 230037, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019);

26   Anstead v. Virginia Mason Med. Ctr., 2022 U.S. Dist. LEXIS 93151, 2022 WL 1641425, at *5

27   (W.D. Wash. May 24, 2022).  Although the fact that the logbook is missing raises understandable

28   concerns, there is no basis for a belief that defendants have committed any misconduct or that

                                                    12

1  defense counsel's certification of the discovery responses violated Rule 26(g) such that discovery

2  into the circumstances of the logbook's disappearance might be warranted.  See LKQ Corp. v.

3  Kia Motors Am., Inc., 345 F.R.D. 152, 160 (N.D. Ill., July 6, 2023) (although Rule 26(b)(1) does

4  not authorize discovery into the conduct of discovery, Rule 26(g)'s certification requirement may

5  provide authority for the court to permit such discovery in an appropriate case).  Moreover, in this

6  case, further discovery into the circumstances of the logbook's disappearance would be

7  inconsistent with Rule 1's directive that the court and parties "secure the just, speedy, and

8  inexpensive determination of every action and proceeding."  Rule 1, Fed. R. Civ. P.  The

9  requested PMK deposition is not relevant to the substance of any claims or defenses and would be

10  disproportionate to the needs of the case.  See Rule 26(b)(1).  For all these reasons, plaintiff's

11  request at ECF No. 69 at 6 (item 2) is denied.

12          D.    Further Discovery into the Interviews of Inmates Alford and Harvey

13          On January 15, 2025, plaintiff requested, among other things, "any and all surveillance

14  videos or recordings showing the cell occupied by EUGENE CLAPPS and surrounding area on

15  February 16, 2020, up to, including, and following the attack on ROBERTO ROJAS."  ECF No.

16  54-2 at 8 (plaintiff's RFP No. 26).  On February 18, 2025, defendants provided some discovery

17  responses.  ECF No. 65 at 2.  They did not, however, produce the video surveillance of the

18  incident until March 5, 2025, and only after plaintiff's counsel once again demanded it.  Id.  In

19  reviewing the video, plaintiff's counsel discovered two additional witnesses—inmates Harvey

20  and Alford.  Id. at 3.

21          On April 7, 2025, the court modified the discovery and scheduling order on plaintiff's

22  motion to permit the depositions of Harvey and Alford.  ECF No. 46 at 9-10.  The depositions

23  were completed on May 7 and 8, 2025.  ECF No. 73, Lompa Decl. ¶ 13.  During his deposition,

24  Harvey testified that he had been interviewed about the February 16, 2020, incident and that the

25  interview was videotaped.  ECF No. 53-2 at 69 (excerpt of Harold Harvey's deposition

26  testimony).  During his deposition, Alford testified he thinks the prison interviewed him about the

27  February 16, 2020, incident, because someone came and talked to him, but he does not remember

28  and he does not recall if it was videotaped.  ECF No. 69-1 at 64-65 (excerpt of Larry Alford's

13

1    deposition testimony).

2          When Harvey revealed that his interview was recorded, defendants' counsel indicated

3    they were not aware of any ISU interviews regarding the February 16, 2020, incident and

4    immediately requested that CSP-Sac provide them with "each and every interview ISU conducted

5    related to this incident, along with any investigative memorandums or reports."  ECF No. 73,

6    Lompa Decl. ¶ 13.  CSP-Sac ISU advised that the only interview that had been submitted was an

7    interview of inmate Harvey, which was produced to plaintiff on May 16, 2025.  Id.  In the

8    videotape recording, Sergeant Steele introduces himself; there are only two speakers, Steele and

9    inmate Harvey; Harvey is Mirandized; and Steele has, among his materials, a Miranda sheet for

10   inmate Alford.  Id.; ECF No. 69-1, Brown Decl. ¶¶ 22-23.

11         On May 20, 2025, the parties met and conferred regarding several issues, including the

12   videotaped interview.  ECF No. 73-1 at 32-33.  Plaintiff's counsel expressed concern regarding

13   defendants' counsel assertion that this was the only witness statement regarding the February 16,

14   2020, incident, and expressed doubt that this was in fact true.  ECF No. 73-1 at 32.

15         On June 17, 2025, the parties met and conferred regarding the investigation into

16   videotaped interviews.  See ECF No. 73-1 at 36.  On June 18, 2025, the next day, defendants'

17   counsel provided plaintiff's counsel with a declaration from ISU Lieutenant Collinsworth stating

18   that he had conducted a reasonable and diligent search for any interviews related to the incident

19   but was unable to locate any responsive documents other than the previously produced video

20   interview of inmate Harvey.  ECF No. 73, Lompa Decl. ¶ 14.  ISU Lieutenant Collinsworth's

21   declaration states,

22                  4.  I have conducted a diligent search of the Central Files of
       incarcerated persons Roberto Rojas, CDCR No. AX2379, and
23     Eugene Clapps, CDCR No. BD6256.  Neither Rojas nor Clapps'
       Central File contained any ISU investigative materials related to the
24     in-cell incident that occurred on February 16, 2020, in Facility A,
       Building 3, Cell 232 (the incident).
25

26                  5.  I have also conducted a diligent search of ISU's investigative
       records, and the only writing related to the incident is a ISU interview
27     of incarcerated person Harold Harvey, CDCR No. AN1114,
       conducted solely by Sergeant Steele.  There is no record of an
       interview of incarcerated person Larry Alford, CDCR No. AU8727,
28     and there are no other writings, including notes, memorandums,

14

1    reports, photographs, or videos related to the incident.

2    ECF No. 73-1 at 48, Lompa Decl., Exhibit K.

3    Plaintiff now seeks (1) a PMK deposition regarding Sgt. Steele's memorandum; (2) a PMK

4    deposition regarding any interview of Larry Alford; (3) a PMK deposition regarding the process

5    of locating the videotape of the Harold Harvey interview; and (4) disclosure of the identity of the

6    second person who was present at Sgt. Steele's interview of Harvey, and production of that

7    individual for deposition.  ECF No. 69 at 6-7 (items 5 through 8).

8    Defendants have adequately responded to plaintiff's follow-up requests based on the Alford

9    and Harvey depositions.  Plaintiff has presented nothing but counsel's suspicion to support the

10    proposition that additional, undisclosed investigative materials exist.  And the proposed PMK

11    depositions are pure discovery on discovery that the court denies for the same reason it has denied

12    a PMK deposition regarding the missing logbook.  Accordingly, the requests at ECF No. 69, pp.

13    6-7 (items 5 through 8) are denied.

14    D.  Redaction of Documents Other than SOMS Records

15    Plaintiff seeks production of "all records" without redaction, other than those redactions of

16    personal identifying information that are specifically authorized by the operative protective order.

17    See ECF No. 69 at 6 (item 1).[8]  To the extent that this blanket request seeks the reproduction of

18    an unspecified but presumably vast volume of discovery in unredacted form, it must be denied.

19    The stipulated protected order authorizes the redaction of specific information, but it does not

20    render other redactions improper per se.  Absent the moving party's identification of specific

21    objectionable redactions, by category if not on a document-by-document basis, the issue is

22    incapable of review.

23    Plaintiff's specific objection to the redaction of SOMS records has been addressed above.

24    The only other category of discovery that he specifically presents to the court as improperly

25    redacted are the Post Orders.  This issue was raised in plaintiff's motion to compel (ECF No. 54),

26    and the documents he offers in support of ECF No. 69 as exemplars of excessive redaction consist

27    primarily if not exclusively of Post Orders.  See ECF No. 69-1 (Declaration of Steven L. Brown)

28    _____

[8]  See, supra, fn. 5.

at 4, ¶ 36 and pp. 38-61 (Exhibit E) (AGO 4726-4750). No privilege log was produced together with this redacted production. Because defendants failed to comply with Rule 26(b)(5)(A), they will be ordered to produce the unredacted Post Orders subject to the protective order, which is adequate to ensure the protection of any sensitive information especially if the documents are designated for "attorneys' eyes only."

In sum, plaintiff's request for unredacted documents (ECF No. 69 at 6 (item 1)) is granted as to the SOMS information previously addressed and as to the Post Orders at AGO 4726-4750, and is otherwise denied.

E. Summary and Resolution of Outstanding Disputes

The rulings above address all requests for additional discovery that plaintiff presents in his motion to modify the schedule, ECF No. 69, and also resolve in large part those matters presented in plaintiff's previous motion to compel (ECF No. 54) which had been left open for further review. As to ECF No. 54, plaintiff continues to contest the adequacy of defendants' productions responsive to RFP Nos. 2, 3, 6, 26, 27 and 30. See ECF No. 75. For clarity, the court now reviews the status of these disputes and rules on any outstanding disputes.

RFP Nos. 2 and 3

Plaintiff's Request for Production No. 2 sought records related to the approval of the cell transfer at issue in this case. Request for Production No. 3 sought all SOMS records, regardless of medium, reflecting the assessment and approval of the cell transfer. The undersigned has previously ordered further production of responses to both RFPs. ECF No. 65 at 13-14; ECF No. 68. Defendants maintain that all extant responsive documents have been provided, and plaintiff contends that defendants' pattern of obfuscation and late disclosures indicates that they are withholding further discoverable materials.

Except as to the SOMS information and specific redactions addressed above in relation to the motion to modify the scheduling order, the court finds that there is an insufficient basis to believe that anything remains to compel. Plaintiff's skepticism about the thoroughness of defendants' inquiries is understandable. However, absent evidence to the contrary, plaintiff is required to accept the response that despite a diligent search no further responsive documents

16

1  exist.  See e.g., Mootry v. Flores, 2014 U.S. Dist. LEXIS 98941, 2014 WL 3587839, *2 (E.D.

2  Cal. 2014); Holt v. Nicholas, 2014 U.S. Dist. LEXIS 7864, 2014 WL 250340, *4 (E.D. Cal.

3  2014).  Because there is no concrete evidence that specific additional documents actually exist,

4  plaintiff's request to compel further production is denied.

5       RFP No. 6

6       RFP No. 6 sought Post Orders for the day in question, and they were produced in redacted

7  form.  See ECF No. 54 at-1 at 8; ECF No. 75 at 2.  The dispute about the adequacy of production

8  centers on redaction, which has been addressed above.  There is no suggestion that additional Post

9  Orders exist, and therefore there is nothing to compel beyond unredacted versions of AGO 4726-

10  4750.

11       RFP No. 26

12       RFP No. 26 sought "any and all surveillance videos or recordings showing the cell

13  occupied by EUGENE CLAPPS and surrounding area on February 16, 2020 up to, including, and

14  following the attack on ROBERTO ROJAS."  See ECF No. 54-1 at 8.  As previously noted, the

15  responsive surveillance video was produced belatedly but within the discovery period.

16  Defendants represent that no additional surveillance video exists, and there is no factual basis for

17  a contrary conclusion.  Accordingly, the court declines to order further responses.

18       RFP No. 27

19       RFP No. 27 sought the building logbooks for February 16, 2020, which are missing as

20  discussed above.  The court has denied discovery into the disappearance of the logbooks, and

21  though the disappearance of the log is troubling the undersigned accepts the representation of

22  defense counsel that a reasonably diligent search has failed to locate it.  Accordingly, there is no

23  additional production to compel.  The court is confident that counsel understand their ethical

24  obligation to provide supplemental disclosures should additional information about the logbook

25  come to light.

26       RFP No. 30

27       RFP No. 30 sought all documents identified in defendants' answers to interrogatories.  ECF

28  No. 54-1 at 11.  To the extent plaintiff's motion to compel seeks production of SOMS data

1    regarding Officer Ng's access and activity on February 16, 2020, the motion is granted for the

2    reasons previously explained in relation to the motion to modify the scheduling order.[9]  Plaintiff

3    has not identified any other documents specifically referenced in response to interrogatories

4    which have not been produced.  To the extent the motion seeks additional ISU investigative

5    reports, witness statements, and/or videotapes of witness interviews, it is denied because there is

6    insufficient reason to conclude that additional responsive documents exist.

7         Summary

8         In sum, plaintiff's motion to compel (ECF No. 54) is granted regarding RFP Nos. 2, 3, and

9    30 to the extent that defendants must produce unredacted SOMS data regarding access to and

10   activity in the database, and matters reviewed in the database, by defendants Casy, Ng and Walik,

11   as set forth more fully above and below.  All other matters outstanding from ECF No. 54 are

12   denied.

13   V.    Sanctions

14        Both parties have requested sanctions, and the court has previously deferred ruling on

15   multiple sanctions requests.  See ECF No. 68 at 2.  Discovery in this case has been contentious,

16   and plaintiff is justified in many of his frustrations.  First, the SOMS records and data have been

17   at issue for months, and defendants have appeared committed to releasing as little of the

18   information as possible and construing plaintiff's demands as narrowly as possible.  Second,

19   although the undersigned has found that further inquiry into the missing logbook is not justified,

20   the fact that it is missing is troubling; though there may have been no improper conduct by

21   counsel, the prison's record preservation practices appear to be highly dubious.  Third, the

22   surveillance videotape of the cell transfer and ensuing assault on plaintiff was requested in

23   January 2025 and was not produced until March 2025; it revealed the existence of inmate

24   witnesses whom defendants had not disclosed.  Deposition of those witnesses, conducted by leave

25   of court after the close of fact discovery, revealed the existence of an ISU investigation that had

26   not been disclosed and that defense counsel had not even known about, which suggests lack of

27   _____

28   [9]  In light of the pending recommendation regarding amendment, the same production must be
     made as to Officer Walik.

18

1    diligent inquiry.  Such inquiry has since, belatedly, been made.  There is no basis for a conclusion

2    that additional, undisclosed investigative records exist, although the fact that defendants did not

3    identify and disclose the existence of the investigation earlier is concerning to say the least.

4         Nonetheless, on the present motions as throughout the course of repeated discovery

5    disputes, both plaintiff and defendants have prevailed in part.  The court cannot conclude that

6    defendants' position on the SOMS discovery was unjustified in light of the drafting of the RFPs,

7    which were not a model of clarity.  Neither was plaintiff unjustified in bringing his motions, in

8    light of the history described above.  Accordingly, in the interests of justice, the parties shall each

9    bear their own costs on the discovery motions.  Fed. R. Civ. P. 37(a)(5).  The court finds no

10   sanctionable conduct within the meaning of Rule 11 or Rule 26(g).  For these reasons, all

11   outstanding motions for sanctions are denied.

12                                CONCLUSION

13        Accordingly, for the reasons explained above, it is hereby ordered as follows:

14   1.   Plaintiff's motion to modify the scheduling order and permit additional discovery, ECF

15        No. 69, is GRANTED IN PART AND DENIED IN PART as follows:

16        a.   Within 30 days, defendants shall produce to plaintiff, subject to the terms of the

17             operative protective order:

18                  • unredacted copies of the SOMS activity reports at AGO 7595-7612;

19                  • analogous unredacted SOMS activity reports for Officers Ng and Walik;

20                  • all other SOMS data regarding Roberto Rojas, and/or Eugene Clapps

21                      from all correctional officers up to and including Central Control ("any

22                      evidence of the batch") on February 16, 2020, that has not previously

23                      been produced.  This disclosure shall be unredacted;

24                  • unredacted copies of the Post Orders at AGO 4726-4750.

25        b.   Defendants shall produce for deposition within 60 days a PMK regarding the

26             operation of the SOMS system and the interpretation of SOMS data and records,

27             including the activity reports of the defendant officers.

28        c.   With the exceptions specified above, discovery is CLOSED.

d.   The deadline for filing dispositive motions is RESET to December 29, 2025.  All

such motions shall be noticed for hearing on February 4, 2026.

2.   Plaintiff's motion to compel discovery (ECF No. 54) is GRANTED IN PART to the

extent described above and is OTHERWISE DENIED.

3.   Each party shall bear its own costs in relation to the discovery disputes resolved herein.

All outstanding motions and/or requests for sanctions, including ECF Nos. 55 and 56,

are DENIED.

DATED: September 4, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE