UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ROJAS, | No.  2:21-cv-01086-DAD-AC (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND  DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (Doc. Nos. 70, 81) |

Plaintiff Roberto Rojas is a state prisoner proceeding by and through his guardian ad litem in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to file a first amended complaint be granted in part and denied in part.  (Doc. No. 81.)  Specifically, the magistrate judge concluded, over defendants' objection, that plaintiff should be granted leave to amend his complaint to assert claims against Walik for negligence and deliberate indifference to plaintiff's safety IN connection with plaintiff's placement in a cell with inmate Clapps.  (*Id.* at 6–8.)  However, the magistrate judge also concluded that leave to amend should be denied as to plaintiff's proposed claims

1

against Warden Lynch because plaintiff's proposed allegations were conclusory and failed to support any reasonable inference that Warden Lynch was responsible for the alleged failure of individual officers to identify the danger that inmate Clapps posed to plaintiff.   (*Id*. at 9–12.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 13.)  On September 17, 2025, counsel on behalf of plaintiff filed timely objections to those findings and recommendations.  (Doc. No. 84)  On September 22, 2025, defendants filed a response to plaintiff's objections.  (Doc. No. 85.)  In plaintiff's objections counsel argues that the magistrate judge erred in recommending the denial of plaintiff's motion for leave to amend to add claims against Warden Lynch for negligence and deliberate indifference to his duty to train his subordinate officers with respect to proper screening and safe cell transfers of inmates.  (*Id.*)  However, the undersigned concludes that in the pending findings and recommendations the magistrate judge correctly rejected these arguments because plaintiff's FAC "is devoid of specific allegations regarding what training was or was not provided regarding cell assignments and transfers, and Lynch's role in decisions regarding the scope and content of that training" and because the "failure to identify a training deficiency with specificity defeats liability on a failure to train theory." (Doc. No. 81 at 10.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

/////
/////
/////
/////
/////
/////
/////

2

Accordingly:

1. The findings and recommendations issued on September 4, 2025 (Doc. No. 81), are adopted in full;

2. Plaintiff's motion for leave to file an amended complaint (Doc. No. 70), is GRANTED as to the negligence and deliberate indifference claims against Officer Walik and DENIED as to all proposed claims against Warden Lynch; and

3. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 16, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3